The Howard Bank v. Agustin B. Gonzalez and Jean B. Gonzalez

[435 A.2d 697]

No. 291-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed September 1, 1981

*Priscilla K. Reidinger* of *Downs, Rachlin & Martin,* South Burlington, for Plaintiff.

*Peter Gillespie,* West Bolton-Jericho, for Defendants.

Barney, C.J. This case involves a summary judgment order in a mortgage foreclosure. In June, 1979, the Bank filed its complaint for foreclosure. The defendants filed an answer and several amended answers. The last one, in the form of an affirmative defense, alleged essentially that the Bank and the owners had entered into a settlement agreement after the

suit had been instituted, and that the Bank had subsequently failed to abide by the agreement. In their prayer for relief, the owners asked the court to enforce that settlement agreement.

On January 3, 1980, the trial court granted the Bank's motion for summary judgment, finding that no genuine issue of fact existed. The day after the decree of foreclosure was issued, the owners filed a motion to set aside the judgment order. The court denied the motion, but gave the owners permission to appeal.

The owners contend that there were genuine issues of fact in the case. As noted above, the owners' final amended answer alleged, in essence, that the parties had reached an agreement settling the case, and that the Bank had breached that agreement. As such, it is a counterclaim for specific enforcement of an alleged settlement agreement. Our civil rules provide that, "When a party has mistakenly designated . . . a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation." V.R.C.P. 8(c). The trial court should have done so in this case. If it had, it would have seen that there are clearly genuine issues of fact for the court to consider, e.g., the existence of the agreement, the terms of the agreement, breach of the agreement, and damages.

The Bank contends that even if an agreement exists, it would be unenforceable under the Statute of Frauds because it is not in writing. The Statute of Frauds may or may not be applicable; because there was no evidentiary hearing on the counterclaim, however, we do not even know whether the agreement was oral or in writing. In addition, the record does not show whether any basis exists to take the case out of the Statute of Frauds, e.g., partial performance or promissory estoppel. These are separate factual issues for the court to determine. Since these are genuine issues of fact, summary judgment was not appropriate, and the case should be remanded. V.R.C.P. 56(c); *Sykas* v. *Kearns,* 135 Vt. 610, 383 A.2d 621 (1978). It may be that the Bank might wish to file an answer to the counterclaim, and therefore that permission will be incorporated in the entry. V.R.C.P. 7(a).

*Judgment reversed and cause remanded for a hearing consistent with the views expressed herein; leave is granted to the Bank to file an answer to the counterclaim, if it be so advised.*