# In re Estate of Clyde L. Knott

[542 A.2d 297]

No. 86-291

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed January 22, 1988

*Pauline V. Knott*, pro se, Craftsbury Common, Appellant.

*Theriault & Joslin, P.C.*, Montpelier, for Appellee.

**Dooley, J.,** dissenting. I dissent. In this case, the appellant appeared pro se in this Court to contest the granting of a license to sell property of the estate of Clyde Knott in which the appellant is living. The case was fully briefed, but at the argument the parties reported that they had settled the case pursuant to an oral agreement under which the estate would sell the property to appellant's brother who would convey it to appellant. After the argument, appellee's counsel sent to appellant a dismissal stipulation. Appellant refused to sign it until she saw the deed that the estate would convey to the brother, apparently to ensure that it included whatever interest the estate had in a part of the property that was subject to a boundary dispute. Appellee did not attempt to work out the deed language. Instead, he first filed a request in this Court that the matter be decided on the briefs. Then he filed a motion to dismiss to enforce appellant's oral statement at the argument. The majority grants this motion.

Our cases indicate that we will not " 'permit unfair imposition . . . to be taken of one who acts as his own attorney.' " *Vahlteich v. Knott*, 139 Vt. 588, 590, 433 A.2d 287, 288 (1981) (quoting

*State Highway Board* v. *Sharrow*, 125 Vt. 163, 164, 212 A.2d 72, 73 (1965)). When we are called to enforce a stipulation made by a party represented by counsel, we emphasize that representation to convey that the matter would be different if competent professional advice had not been available. See *Estate of Emilo* v. *St. Pierre*, 146 Vt. 421, 424, 505 A.2d 664, 666 (1985). The action by the majority in this case shows that we are not prepared to protect pro se litigants from unnecessary prejudice caused by their lack of counsel.

Rule 42(a) of the Vermont Rules of Appellate Procedure provides for dismissal by stipulation "[i]f the parties . . . shall sign and file with the clerk of the Supreme Court an agreement . . . ." While the rule does not specifically preclude an oral stipulation in open court, the reference only to a written agreement suggests at least a preference for this method. See also V.R.C.P. 41(a)(1). This case is a perfect example of why we should not act on an oral stipulation, especially from a pro se litigant. See, e.g., *Elder* v. *Metropolitan Freight Carriers, Inc.*, 543 F.2d 513, 517 n.5 (3d Cir. 1976) (district courts should reconsider the practice of dismissing cases in which settlement has been reached before the parties have actually completed settlement procedures).

This Court does not generally find facts or advise litigants. If a pro se litigant had made an oral stipulation that would result in dismissal of the case in any of the trial courts in this state, the presiding judge no doubt would have inquired to determine that the litigant knew and understood what she was waiving (the whole appeal) and what was promised to obtain the waiver. We conducted no such inquiry. If we had, we no doubt would have found differences in the understandings of the settlement agreement.

Further, we cannot say at this point that appellant has failed to live up to the settlement agreement. She has not refused absolutely to sign a written stipulation. She has only sought a clarification before signing.

In fact, the settlement agreement that the majority is now enforcing by dismissal is, at best, vague. If, for example, appellant sought to enforce it because she claimed defects in the nature of the title to be transferred, we would be at a loss to determine the terms to enforce. See *United States* v. *Orr Construction Co.*, 560 F.2d 765 (7th Cir. 1977). Certainly, an extensive factual and legal inquiry would be necessary to determine the nature and enforce-

ability of the purported agreement. See *Howard Bank* v. *Gonzalez*, 140 Vt. 132, 435 A.2d 697 (1981). Yet the majority is willing to enforce the settlement by dismissing appellant's case without even a tender of performance by appellee. I can only conclude that it doesn't matter to the majority whether the appellee performs.

Presumably, the appellant has available to her something equivalent to a Civil Rule 60(b) motion for relief from judgment and can raise some of these issues. See *Cliche* v. *Cliche*, 143 Vt. 301, 306-07, 466 A.2d 314, 316-17 (1983). If we are to seriously address such a motion, we will be put into a difficult fact finding situation. This uncomfortable position can be avoided or minimized by refusing to enforce oral stipulations in the first instance. As the Court of last resort, we should be even more careful than the trial courts to ensure that litigants get their day in court rather than dismissals based on technicalities.

Ironically, this is a case in which the appellee will not be prejudiced by the denial of the motion to dismiss. The case is under submission in this Court and can be decided on the briefs. Since it was recently submitted, the skirmishing over settlement and dismissal would not delay its disposition in any way. Our rules contemplate decisions on the merits whenever possible rather than resort to technicalities to deprive a litigant of a day in court. Cf. *Hill* v. *W. Bruns & Co.*, 498 F.2d 565, 568-69 (2d Cir. 1974).

I have no doubt that the majority is influenced by the fact that litigation over the estate in this case has been extensive, usually at the insistence of this appellant. We respond to delay by deciding the issues presented to us fully and fairly, as soon as possible, recognizing the need for timely action. The course chosen by the majority may delay the end result while leaving unfulfilled our promise to protect the rights of pro se litigants. Meanwhile, in an age of full disclosure, we should clearly warn all who enter our courtroom, particularly those who appear without lawyers, that what they say can and will be used against them. For this reason, I dissent.