**Barbara K. Segerstrom, Executrix of the Estate of Clyde L. Knott v. Pauline V. Knott, State of Vermont, Hans Walter Vahlteich and Beverly Vahlteich Daigle**

[543 A.2d 706]

No. 86-477

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed March 4, 1988

*Theriault & Joslin, P.C.*, Montpelier, for Plaintiff-Appellee.

*Pauline V. Knott*, pro se, Craftsbury Common, Defendant-Appellant.

*Rexford & Kilmartin*, Newport, for Defendants-Appellees.

**Dooley, J.** Defendant, Pauline Knott, appeals the entry of a summary judgment by the Orleans Superior Court in a foreclosure action brought by plaintiff Barbara Segerstrom in her capacity as executrix of the estate of Clyde L. Knott. We reverse and remand.

Plaintiff and defendant are sisters and have been at odds with one another for a period in excess of nine years during the settlement of their father's estate. The current action, which is the

most recent stage of this protracted litigation, arises from plaintiff's enforcement of a judgment lien against a parcel of land owned by defendant. Plaintiff became a judgment lien creditor of defendant after a jury determined that defendant had cut and sold timber from property of the estate. In that action, the jury, on October 21, 1985, awarded plaintiff $14,395.05, plus costs. Defendant did not appeal the October 21 judgment and award. Subsequent to the October 21 judgment, costs were assessed against defendant, and defendant appealed those costs. The appeal of costs was ultimately dismissed by this Court as defendant had not appealed the judgment from which the costs were taxed. Plaintiff then brought her action of foreclosure.

Defendant initially filed a nonverified answer. When plaintiff filed a motion for default, defendant responded with an affidavit so that a verified answer was filed within twenty days of the service of summons and complaint. See V.R.C.P. 80.1(c). At the only hearing in the case, on July 23, 1986, defendant persisted in claiming an "affirmative defense" that she had raised in her answer. Specifically, defendant claimed that there had been a stipulation of the parties, through counsel, to the effect that defendant would not appeal the October 21 judgment and that plaintiff would not seek to enforce the judgment. Rather, according to defendant, there would be an accounting in the probate court at which time the amount of the judgment would be set-off against defendant's portion of the estate and certain expenditures that defendant had made for the benefit of the estate. In support of her claim that such stipulation existed, defendant — who proceeded pro se at the foreclosure hearing — relied on an affidavit by her attorney of record at the time of the October 21 judgment. The affidavit stated, in essence, that a stipulation had been reached on the terms put forward by the defendant in her "affirmative defense." The trial court granted summary judgment for plaintiff, orally on the record.

This case is controlled by our decision in *Howard Bank v. Gonzalez*, 140 Vt. 132, 435 A.2d 697 (1981). In *Gonzalez*, the bank sought to foreclose on a mortgage given by the property owners. The defendants, there, claimed — as an "affirmative defense" — that there had been a settlement agreement between the parties and that the bank had failed to abide by the terms of the agreement. The trial court granted summary judgment for the bank, and this Court reversed. We determined that the property own-

ers' defense — which was properly a counterclaim — raised genuine issues of fact as to the existence and terms of any agreement between the parties, as well as whether, if such an agreement existed, it had been breached or not. Thus, summary judgment was inappropriate. *Howard Bank*, 140 Vt. at 133, 435 A.2d at 698; see also *Pierce* v. *Riggs*, 149 Vt. 136, 540 A.2d 655 (1987).

*Gonzalez* is almost on all fours with the instant case. Here, defendant not only claimed that an agreement existed between the parties, but she produced an affidavit from her attorney to that effect. Moreover, at oral argument, the attorney for the estate urged this Court to accept his contention that no such agreement existed. Both of these circumstances demonstrate the existence of a genuine issue of fact regarding the purported agreement and the inappropriateness of a summary judgment. For these reasons, we reverse and remand for a settlement of the factual issues raised by defendant.

While defendant makes several additional arguments on appeal, it is unnecessary for us to reach the merits of those arguments given our decision on the summary judgment issue.

*Reversed and remanded.*