2010 VT 62

## In re Verizon Wireless Barton Permit
## (Michael Auger and Jeannette Auger, Appellants)

[6 A.3d 713]

No. 09-201

Present: Johnson, Skoglund and Burgess, JJ., and Davenport, Supr. J., and Crawford, Supr. J., Specially Assigned

Opinion Filed July 9, 2010

*Vincent Illuzzi*, Orleans, for Appellants.

*Brian J. Sullivan* and *Pamela Moreau* of *Murphy Sullivan Kronk*, Burlington, for Appellee.

¶ 1. **Burgess, J.** This appeal arises from a conditional use permit issued by the Town of Barton Zoning Board of Adjustment (ZBA) to applicant Verizon Wireless[1] approving the installation of wireless communication antennas at two sites in the Town of Barton. Neighbors Michael and Jeannette Auger, who own land

---

[1] Applicant refers to Vermont RSA Limited Partnership and Cellco Partnership both doing business as Verizon Wireless.

adjoining one of the proposed sites, sought to challenge this permit through an appeal to the Environmental Court. The Environmental Court dismissed neighbors' appeal, concluding that neighbors lacked party status to appeal the ZBA decision because they neither participated below nor filed a proper motion to claim party status for extraordinary circumstances. Neighbors appeal this dismissal, claiming that they did participate below, or, in the alternative, any participation requirement should be waived because they were not properly noticed regarding the ZBA hearing. We affirm.

¶ 2. The basic facts are as follows. In January 2008, Verizon Wireless filed two applications for conditional use approval to install wireless communications antennas at two sites in the Town of Barton. In one application, known as the tree site, applicant sought to build an antenna in the form of an artificial tree on Ingersoll Lane in Barton. This location is adjacent to land owned by neighbors. On April 17, 2008, the ZBA held a public hearing on the requests. The parties dispute whether applicant or the Town adequately provided notice of this hearing as required by 24 V.S.A. § 4464(a)(1) and the Town's bylaws. Neighbors contend that they were not provided notice of this hearing. No party other than applicant appeared at the hearing. On May 29, 2008, the ZBA unanimously voted in favor of granting approval for both applications. At a later unspecified date, the Town issued written findings memorializing the decision.

¶ 3. Neighbors allege that at some point following the ZBA hearing they became aware of Verizon's pending permit application. On June 5, 2008, neighbors contacted the Town zoning administrator to express opposition to the tree site. The administrator told neighbors that the Town had not yet issued a permit to applicant and apparently gave neighbors the impression that there was still time to give input regarding the decision. That day, neighbors wrote a letter to the ZBA expressing opposition to the tree site. They asserted that under statutory and municipal bylaw requirements the new antenna had to be co-located on an existing tower rather than developed on a new site. Later in the day on June 5, the administrator completed the ministerial act of granting the two permits. On June 30, 2008, neighbors filed a pro se notice of appeal in the Environmental Court, followed by a pro se statement of questions in August 2008, asserting two main issues for appeal: (1) whether the tree site would adversely impact the

aesthetics of neighbors' property and obstruct their view, and (2) whether an existing site was available for co-locating the tower as required by the Town's bylaws. In September 2008, neighbors' counsel entered his appearance.

¶ 4. In October, applicant filed a motion to dismiss. Applicant raised several grounds for dismissal, including that neighbors did not participate in the proceedings below and therefore lacked standing to appeal. See 24 V.S.A. § 4471(a) (limiting right to appeal to those who participated in proceeding before municipal panel). Neighbors responded to the motion to dismiss by claiming that they did not receive notice of the ZBA's public hearing. Neighbors also filed a motion to amend their statement of questions to include a claim that applicant failed to provide neighbors with adequate notice of the public hearing. Applicant answered that neighbors were barred from filing any amendments to the initial statement of questions, including any defenses to a challenge on subject matter jurisdiction. See V.R.E.C.P. 5(f) (requiring appellant to file statement of questions within twenty days of filing a notice of appeal in Environmental Court and stating that appellant "may not raise any question on the appeal not presented in the statement as filed"); see also *In re Garen*, 174 Vt. 151, 156, 807 A.2d 448, 451 (2002) (appeal to Environmental Court confined to issues raised in statement of questions).

¶ 5. The Environmental Court considered all of the parties' pleadings and dismissed the case, concluding that neighbors lacked standing to appeal. The court explained that neighbors could not claim party status under 10 V.S.A. § 8504(b)(1) because they did not participate in the proceedings before the municipal panel within the relevant time frame. The court further held that neighbors could not claim party status under § 8504(b)(2) because they did not file a request for party status in a separate motion with their notice of appeal, as required by the court's procedural rules. V.R.E.C.P. 5(d)(2) ("An appellant who claims party status under 10 V.S.A. § 8504(b)(2) . . . must assert that claim by motion filed with the notice of appeal."); V.R.E.C.P. 5(b)(3) (specifying that notice of appeal should contain "statutory provisions under which each party claims party status"). The Environmental Court reasoned that it was without power to consider the issue absent a motion for party status. Therefore, the court dismissed the case. Having dismissed the appeal, the court did not reach the other claims raised, including neighbors' allegations of improper notice.

¶ 6. Neighbors filed a notice of appeal to this Court, along with a motion seeking permission to appeal on additional grounds. The motion claimed that neighbors were denied a meaningful opportunity to participate in the proceedings below and therefore should be granted party status. They also asserted that although they failed to file a motion for party status, their amended statement of questions was adequate to raise the issue. We elected to consider this motion with the merits of the appeal.

¶ 7. The issue at the core of this case is whether neighbors had standing to appeal the ZBA decision to the Environmental Court. The question of standing is a legal one. "Standing embodies a core constitutional component and a prudential component of self-imposed judicial limits." *Hinesburg Sand & Gravel Co. v. State*, 166 Vt. 337, 341, 693 A.2d 1045, 1048 (1997). Standing to appeal decisions related to municipal zoning is regulated by statute; we are thus obligated to abide by the Legislature's restrictions "and may not judicially expand the class of persons entitled to such review." *Garzo v. Stowe Bd. of Adjustment*, 144 Vt. 298, 302, 476 A.2d 125, 128 (1984). "[T]he proper construction of a statute governing appeals of municipal decisions to the Environmental Court is a question of law subject to nondeferential and plenary review on appeal." *In re Albert*, 2008 VT 30, ¶ 7, 183 Vt. 637, 954 A.2d 1281 (mem.). Neighbors' appeal asserts standing on two bases, and we consider them in turn.

I.

¶ 8. Neighbors first argue that by calling the zoning administrator and submitting a letter to the ZBA they satisfied the participation requirement of 24 V.S.A. § 4471(a). Accordingly, neighbors contend the Environmental Court committed reversible error in holding they had not participated in the hearing before the ZBA.

¶ 9. The statutes pertaining to municipal planning and development limit the filing of appeals to the Environmental Court from municipal proceedings to interested persons[2] "who [have] participated as defined in 24 V.S.A. § 4471 in the municipal regulatory

[2] An interested person is defined in part as someone "owning or occupying property in the immediate neighborhood of a property that is the subject of any decision." 24 V.S.A. § 4465(b)(3). Applicant does not dispute that neighbors are interested persons.

proceeding." 10 V.S.A. § 8504(b)(1). Participation "consist[s] of offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding." 24 V.S.A. § 4471(a). The issue therefore is whether neighbors' acts on June 5 of calling the zoning administrator and submitting a letter satisfy the participation requirement of § 4471.

¶ 10. In addressing this question, we look to the language of the statute to discern the Legislature's intent. *In re Carroll*, 2007 VT 19, ¶ 9, 181 Vt. 383, 925 A.2d 990. "We will enforce the plain meaning of the statutory language where the Legislature's intent is evident from it, but, if doubts exist, the real meaning and purpose of the Legislature is to be sought after and, if disclosed by a fair and reasonable construction, it is to be given effect." *Id.* (citation and quotation omitted). The Environmental Court held that neighbors' acts were insufficient because they came after the ZBA made its decision. The court explained that the plain meaning of participation in the statute requires "that an appellant bring information before the municipal panel as a way of helping that panel reach its decision in the first instance." The Environmental Court concluded that to satisfy the statutory requirements neighbors were required to participate before a final decision was reached, and they failed to do so in this case. We agree.

¶ 11. We conclude that the Legislature's use of the words "participate" and "proceeding" indicate that the activity must take place while the municipal decision-making process is still ongoing. Participation necessarily assumes that there is a proceeding or activity in which an interested person can join. Participation would be meaningless if commenced after the municipal body resolved the issue. Furthermore, the use of the word proceeding demonstrates the Legislature's intent that participation occur before a decision is made since the proceeding would be concluded once a final decision is rendered.

¶ 12. This holding is in accord with our decision in *Albert*, 2008 VT 30, which construed a prior version of the relevant statutory provisions now codified at 24 V.S.A. §§ 4471(a) and 4465. At that time, the statute defined interested persons for standing to appeal to include a group of ten persons owning real property in the municipality who " 'by signed petition' " to the local board " 'allege that any relief requested . . . will not be in accord with the policies, purposes or terms of the plan or bylaw of that munici-

pality.'" *Albert,* 2008 VT 30, ¶ 3 (quoting former 24 V.S.A. § 4464(b)(4), now replaced by § 4465(b)(4)). Based on the plain statutory language, we concluded that "the Legislature intended to provide standing to appeal zoning decisions only to those landowners who petitioned a planning commission prior to it taking final action in a case." *Id.* ¶ 11. We explained that the particular language used by the Legislature showed its intent that the planning commission retain some power to act on the petition, and to do this requires receiving the petition prior to making a final decision. *Id.*

■■ ¶ 13. As indicated above, the language of the statute at issue here compels a similar result. In this case, neighbors did not appear at the ZBA hearing and did not submit any information at that time. By the time they called and sent the letter on June 5, the ZBA had already considered "the subject of the proceeding" and reached a decision on whether to grant applicant a conditional use permit. Automatic right to appeal depended upon participation in the actual decision-making process. Allowing participation past the point of when a decision is reached would only frustrate the need for finality in municipal decisions. At the same time, we need not be concerned about excluding would-be participants on technical grounds because the statutory scheme provides an alternate basis for jurisdiction where a party was unduly prevented from participating in the process. 10 V.S.A. § 8504(b)(2)(A), (C) (providing that interested person may appeal municipal regulatory proceeding without having participated if a procedural defect prevented participation or manifest injustice would result); see, *infra,* ¶ 18. Offering input after the municipal panel had already arrived at a final decision was too late to satisfy the participation requirement. See *Albert,* 2008 VT 30, ¶ 11.

¶ 14. Contrary to neighbors' assertion, this result is supported by our decision in *Carroll,* 2007 VT 19. In *Carroll,* the Environmental Court dismissed an appeal of an interested party from a development review board decision because the court concluded that participation only in a preliminary proceeding did not satisfy the participation requirement for an appeal of the final plat review proceeding. We reversed, holding that both the preliminary and final plat reviews were part of one regulatory proceeding and, therefore, participation in the preliminary stage was sufficient to trigger standing. *Id.* ¶ 17. We stressed that "[t]he statutory language does not specify when the interested party must par-

ticipate as long as it is within the proceeding." *Id.* ¶ 15. In contrast to the landowner in *Carroll,* here neighbors did not take action "within the proceeding," *id.,* but offered their input after the ZBA reached its decision. Neighbors' acts do not meet the statutory requirements because they merely offered an opinion after the process was completed.

¶ 15. Neighbors contend that their lack of participation should be excused because they are interested persons who were not provided proper notification of the hearing before the ZBA. Neighbors appear to argue that the participation requirement should be waived because of the alleged lack of notice. We have no discretion, however, to waive statutory requirements and allow standing for persons outside of the categories created and authorized by statute. *Garzo,* 144 Vt. at 301-02, 476 A.2d at 127-28 (standing to appeal zoning decisions governed by statute). Interested party status alone, without participation, does not qualify for automatic standing to appeal. See *Carroll,* 2007 VT 19, ¶ 14. The statute qualifies which individuals may appeal, and dismissal is appropriate when the statutory requirements are not met. See *In re Carrier,* 148 Vt. 635, 635, 537 A.2d 135, 135 (1987) (mem.) (dismissing appeal where the appellants lacked standing because they were "not among those parties statutorily allowed to bring appeals").

## II.

¶ 16. Neighbors next argue that they have standing to appeal pursuant to 10 V.S.A. § 8504(b)(2), which provides that an interested person may appeal, even without participating in the municipal proceedings, "if the environmental judge determines that: (A) there was a procedural defect which prevented the person from obtaining interested person status or participating in the proceeding; . . . or (C) some other condition exists which would result in manifest injustice if the person's right to appeal was disallowed." Neighbors contend that the alleged lack of notice was a procedural defect which prevented their participation in the ZBA proceeding. They alternatively argue that denying them party status would result in manifest injustice. Neighbors argue that the Environmental Court erred in failing to evaluate these substantive claims and dismissing their argument simply for lack of a specific motion asserting party status under § 8504(b). We find no error in the court's decision.

¶ 17. The notice requirement that neighbors rely on is contained in the statutory scheme as well as the relevant local bylaws. Pursuant to statute, a warned public hearing must be held prior to considering an application for conditional use approval, and this should include:

> Written notification to . . . owners of all properties adjoining the property subject to development . . . . The notification shall include a description of the proposed project and shall be accompanied by information that clearly informs the recipient where additional information may be obtained, and that participation in the local proceeding is a prerequisite to the right to take any subsequent appeal.

24 V.S.A. § 4464(a)(1)(C). Neighbors allege that they were not provided notice of the hearing, even though their property adjoins the location of the proposed tower.[3]

¶ 18. The Environmental Court did not reach the notice question because it concluded that neighbors had not properly raised the issue. The court held that under its procedural rules neighbors were obligated to assert their claim of party status "by motion filed with the notice of appeal." V.R.E.C.P. 5(d)(2). The court explained that where, as here, party status is based on extraordinary circumstances under 10 V.S.A. § 8504(b)(2), the burden is on neighbors to raise the issue and demonstrate the basis of their standing to appeal. The court further reasoned:

> If an appellant fails to raise that issue alongside the filing of a Notice of Appeal, it creates a real possibility that the Court will begin to engage its resources in evaluating the substance of a claim, only to discover many months into the process that the appellant lacks party status or standing to file the pending appeal, resulting in the appeal being dismissed after the parties

---

[3] Although applicant conceded on appeal that the Town did not provide actual notice to adjoining landowners, applicant argues that notice by publication was sufficient. Applicant also contends that neighbors had constructive notice of the hearing because they were notified and participated in the concurrent Act 250 proceeding in the District Environmental Commission. To the extent that any disputed facts are relevant to our decision, we must resolve them in favor of neighbors. *Carroll*, 2007 VT 19, ¶ 2 (explaining that on appeal from a dismissal we take all factual allegations and reasonable inferences in complaint as true).

and the Court have invested much time and energy in the case. We regard this as one foundation for why Rule 5(d)(2) requires that an appellant inform other parties and the Court *at the first instance* if an appellant wishes to claim party status despite failing to participate in the municipal proceedings below.

Because neighbors filed no such motion, either with their appeal or later, the court concluded they had not invoked the provisions of § 8504(b)(2) and dismissed the case. On appeal, neighbors argue that the Environmental Court's decision was unduly harsh and exalted form over substance in requiring them to file a Rule 5 motion for party status along with their notice of appeal, especially where neighbors appealed pro se.

¶ 19. Before analyzing the parties' claims, we make two general observations about claims for party status under § 8504(b)(2). First, determination of party status under this statute is discretionary, not automatic, and this discretion is vested in the trial court. Second, the burden of claiming party status under this section falls on the appellant who "must affirmatively claim and satisfy the burden of establishing party status with a motion filed with the notice of appeal." Reporter's Notes, V.R.E.C.P. 5. Thus, the question in this case is whether the trial court abused its discretion in concluding that neighbors did not sufficiently claim and satisfy their burden of establishing party status.

¶ 20. We conclude that there was no abuse of discretion. It is undisputed that neighbors did not move for party status as required by Rule 5. Neighbors contend that there was no need for them to file a specific motion because their intent was demonstrated by either their notice of appeal or their amended statement of questions. The trial court did not abuse its discretion in declining to construe either of these filings as a request for party status. See *In re L.R.R.*, 143 Vt. 560, 562, 469 A.2d 1173, 1175 (1983) (explaining that ruling will not be set aside for abuse of discretion "simply because a different result might have been supportable, or because another court might have reached a different conclusion"). The notice of appeal asserted that neighbors were property owners on Ingersoll Road, but did not otherwise state a basis for party status. The notice of appeal made no mention of any lack of required notice below or that neighbors claimed party status based on that procedural error.

The amended statement of questions, submitted five months after the appeal was filed — four months beyond the filing limit, V.R.E.C.P. 5(f) (requiring that statement of questions be filed "[w]ithin 20 days after the filing of the notice of appeal") — claimed neighbors did not receive notice of the hearing, but did not assert this as a basis for party status. Standing is a jurisdictional issue, and in cases where a party's standing to appeal depends on the timely filing of a predicate motion, this procedural step must be followed to avoid dismissal. See *Ihinger v. Ihinger*, 2003 VT 38, ¶ 10, 175 Vt. 520, 824 A.2d 601 (mem.) (dismissing appeal for lack of jurisdiction where children failed to establish standing to appeal either as parties or by filing motion for intervenor status).

■■ ¶ 21. Furthermore, the court did not err in failing to invite neighbors to file a motion for party status, as neighbors appear to allege. It was neighbors' burden to raise the issue. The court could have entertained a *motion to enlarge time* to file a request for party status, V.R.C.P. 6(b), but neighbors presented no such motion. See V.R.E.C.P. 5(b)(1) (explaining that failure to take action other than timely filing of appeal "does not affect the validity of the appeal but is ground only for such action as the court deems appropriate, which may include dismissal of the appeal"). "[P]rocedural rules are devices to insure fairness, uniformity and regularity of treatment to all litigants appearing before the courts, and to be meaningful, they must be enforced." *Krulee v. F.C. Huyck & Sons*, 121 Vt. 299, 302, 156 A.2d 74, 76 (1959). Though it was within the court's discretion to allow neighbors to make their arguments, the court certainly was not obligated to consider a late-filed motion, let alone affirmatively suggest to neighbors that they make such a filing.

■ ¶ 22. Similarly, neighbors' initial pro se status alone is not sufficient for us to conclude that the court erred in denying their request for party status. When a party appears pro se, the trial court should be cautious that the pro se litigant is not "taken advantage of by strict application of rules of procedure." *Town of Washington v. Emmons*, 2007 VT 22, ¶ 7, 181 Vt. 586, 925 A.2d 1002 (mem.). "The court does not abuse its discretion where it enforces the rules of civil procedure equitably, even against a pro se litigant." *Bloomer v. Gibson*, 2006 VT 104, ¶ 14, 180 Vt. 397, 912 A.2d 424. It was not for the trial court to discern the grounds for

neighbors' party status and then to suggest an argument to support that claim.[4]

■■■ ¶ 23. Moreover, the trial court's expressed concern for process is not unreasonable. That Rule 5 requires standing claims be filed with the notice of appeal is hardly illogical or unfair. The rule directs parties to clearly present basic jurisdictional claims so that the court can recognize the assertions and set hearings accordingly. For example, a simple notice of appeal is typically scheduled in the ordinary course of docketing with no attention paid to an unknown need to first determine standing. In contrast, an accompanying motion raising standing as an issue would be expected to be set accordingly and resolved before proceeding further. This gives the parties and the court fair notice of the issue and an opportunity to resolve it without expending undue resources on an improperly brought case. Failure to abide by the rule imports uncertainty into a relatively straightforward procedural predicate, resulting in the need for rescheduling and delay, not just in this case but in others as well. To expect and to observe compliance with Rule 5 is not beyond the court's discretion.

¶ 24. Neighbors claim that if they are not permitted to bring their appeal, applicant will not be held accountable for its failure to provide proper notice and instead will be rewarded for the shortcoming. Whatever the merits of the notice issue, ultimately, it is not applicant's fault that neighbors failed to establish party status. The statute provided an avenue for them to assert their claim, and they failed to follow the proper procedure provided. Thus, we conclude that the court did not err in dismissing neighbors' appeal for lack of party status.

*Affirmed.*

¶ 25. **Davenport, Supr. J.,** Specially Assigned, dissenting. The line between fundamental fairness and unfair indulgence in the

---

[4] Neighbors did not appear pro se during this entire proceeding, but even if counsel had filed a Rule 5(d)(2) motion for party status following his appearance some two months after neighbors' initial notice of appeal, this request would have been untimely under the Environmental Court rules. The motion was due with the pro se notice of appeal, and no grounds were claimed, or appear, for an enlargement of time for cause or excusable neglect as required under Rule of Civil Procedure 6(b). See V.R.E.C.P. 4(a)(2) (importing V.R.C.P. 6 governing practice in the Environmental Court).

treatment of self-represented litigants is not always clear. What is clear is this Court's "promise to protect the rights of pro se litigants," *In re Estate of Knott*, 149 Vt. 245, 247, 542 A.2d 297, 298 (1988) (Dooley, J., dissenting), and ensure that their inexperience does not permit "unfair imposition or unconscionable advantage" to be gained at their expense. *Vahlteich v. Knott*, 139 Vt. 588, 590, 433 A.2d 287, 288 (1981). Was the trial court's dismissal of neighbors' appeal technically permissible under the rules? The answer is probably yes. Was its ruling reasonable from the perspective of fairness and consistent with our policy of protecting the rights of those who represent themselves in court? I think the answer is plainly no. Accordingly, for the reasons more fully set forth below, I would reverse the judgment and remand for further proceedings.

¶ 26. The material facts are largely undisputed. Neighbors Michael and Jeannette Auger did not receive written notice of applicant Verizon Wireless's application for a conditional use permit to install a communications tower adjacent to their land in the Town of Barton, as they were entitled by statute, 24 V.S.A. § 4464(a)(1)(C), nor did neighbors appear at the public hearing that resulted in the ZBA's decision to grant the application on June 5, 2008. Upon learning of the decision, however, neighbors — acting pro se — filed a timely notice of appeal with the Environmental Court on June 30, 2008, and submitted a written statement of questions in late August 2008 listing two main issues: (1) whether the proposed tower would adversely affect their property, and (2) whether the Town adequately considered an existing tower site. About six weeks later, applicant moved to dismiss the appeal, asserting, among other grounds, that neighbors lacked standing to appeal because they were not interested parties who had participated in the municipal proceedings. In anticipation of neighbors' response that "they did not receive notice" of the hearing, applicant asserted that neighbors failed to preserve the claim by raising it in their statement of questions.

¶ 27. The following month, neighbors — now represented by counsel — filed an opposition to the motion and an amended statement of questions, asserting, as applicant had anticipated, that they were denied proper notice and opportunity to participate in the ZBA proceeding. Several months later, the trial court issued its ruling, finding that that neighbors were "interested parties" (i.e., they own property adjacent to the affected site) and

therefore could assert standing to appeal on either of two separate grounds: first, if they had participated in the municipal proceeding, under 10 V.S.A. § 8504(b)(1), or, alternatively, if they could show that "there was a procedural defect which prevented [them] from . . . participating in the proceeding," pursuant to 10 V.S.A. § 8504(b)(2)(A). The trial court found that neighbors failed to meet the first standing requirement by having failed to participate in the ZBA proceeding. The court *declined* to address the second ground, however, citing neighbors' failure to comply with an Environmental Court rule requiring that "[a]n appellant who claims party status under 10 V.S.A. § 8504(b)(2) . . . must assert that claim by motion filed with the notice of appeal." V.R.E.C.P. 5(d)(2). The trial court concluded that, in the absence of a motion for party status filed contemporaneously with the notice of appeal, it "cannot hear the appeal" and entered a judgment of dismissal. Thus, the court did not address neighbors' standing under § 8504(b)(2) or the merits of the underlying appeal. The majority would affirm the court's ruling as within its broad discretion.

¶ 28. I agree that sound principles of efficient court management — some of which were noted by the trial court here — undoubtedly inform the Environmental Court rule requiring prompt notice of a claim to party status under 10 V.S.A. § 8504(b)(2). Certainly there is a "possibility," as the trial court observed, that absent such notice the court might "begin to engage its resources in evaluating the substance of a claim" only to discover later that the appellant lacks standing. I would add to the court's concern the potentially unnecessary expenditure of time and resources by the party opponent and the potential for abuse of the appellate process as a delaying tactic.

¶ 29. Nevertheless, in most cases where a procedural rule requires some action within a specified timeframe, it is within the trial court's discretion to order the period enlarged. Rule 5(d)(2) of the Environmental Court Rules is no exception. See V.R.C.P. 6(b) (when "an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed . . . or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect"); V.R.E.C.P.

4(a)(2) (providing that the Vermont Rules of Civil Procedure, with certain exceptions not here applicable, apply to all proceedings in the Environmental Court). Thus, the trial court remained free to permit a late filing of the motion for party status "where the failure to act was the result of excusable neglect." V.R.C.P. 6(b).

¶ 30. The trial court explained that it did not consider this option, however, because neighbors had not formally "requested such permission." This is the point where, in my view, the court's reasoning falters, betraying a formalism wholly inappropriate to the circumstances. Neighbors were pro se when they filed their appeal. As adjoining landowners and nonattorneys there is very little likelihood that they were even aware that their standing to appeal was at risk by virtue of their failure to participate in the ZBA proceedings. There is even less chance that they were aware of the Environmental Court rule requiring the filing of a motion for party status *simultaneously* with the notice of appeal. Indeed, this is a requirement that even seasoned attorneys might miss, as evidenced by the fact that it was not raised in applicant's otherwise quite thorough motion to dismiss. It is hardly surprising, therefore, that even with the benefit of counsel neighbors had still not moved to enlarge time when the court issued its ruling.

¶ 31. On the other hand, the trial court here was clearly alerted to the issue of neighbors' party status at least as early as applicant's motion to dismiss, and was equally aware, from neighbors' opposition, of their claim that a defective notice had prevented their participation in the municipal hearing — precisely the ground for party status enumerated in 10 V.S.A. § 8504(b)(2). Under the circumstances, it is fair to ask whether the trial court acted *reasonably* in dismissing neighbors' appeal because they had not officially noticed their intent to seek party status under § 8504(b)(2) rather than simply informing them of the need for a formal motion or even treating their pleadings as the functional equivalent.

¶ 32. Viewed in light of the purposes underlying the Environmental Court rule and our duty to treat self-represented litigants fairly, I suggest that it was not. The trial court here was certainly right to consider the interests served by the rule, but it was wrong not to assess those interests in light of the circumstances. Applicant moved promptly to dismiss the appeal for lack of standing or subject matter jurisdiction, and the court considered only those issues. Thus, neither the court nor applicant was

induced to expend any unnecessary time or resources on the underlying merits of the appeal before addressing neighbors' party status. Nor is there any evidence to suggest that neighbors' appeal was taken in bad faith or for the purpose of delay. Accordingly, no prejudice to applicant or to the efficient administration of justice would result in this case from addressing neighbors' claim to party status.

¶ 33. The "duty of the court to treat pro se litigants fairly" is another pertinent consideration. *Bingham v. Tenney*, 154 Vt. 96, 100, 573 A.2d 1185, 1186 (1990). Although parties who represent themselves are generally not excused from compliance with the ordinary rules of civil procedure, this Court has also recognized that denying a self-represented litigant his or her day in court for an innocent and otherwise harmless procedural error may be unduly harsh. See *id.* at 100, 573 A.2d at 1187 (applying the "rule of unconscionability" to hold that the trial court abused its discretion in entering summary judgment against a pro se litigant for failure to file an affidavit in opposition to the motion); *Vahlteich*, 139 Vt. at 591, 433 A.2d at 289 (reversing a default judgment as "unconscionable" where defendant mistakenly believed that his daughter's appearance and answer was sufficient to defend the action). In the environmental arena, the Legislature has specifically required that Environmental Court rules provide for "expeditious proceedings that give *due consideration to the needs of pro se litigants*." 4 V.S.A. § 1001(g)(1) (emphasis added).

¶ 34. The trial court's ruling here was the functional equivalent of a default judgment for applicant based upon what amounted to a harmless procedural omission. Like the rules governing such judgments, the procedural rules at issue here "should be liberally construed in favor . . . of resolving litigation on the merits, to the end that fairness and justice are served." *Desjarlais v. Gilman*, 143 Vt. 154, 158-59, 463 A.2d 234, 237 (1983). Even if neighbors had been represented by counsel from the beginning, I see no purpose or reason in the trial court's decision to dismiss this appeal. Indeed, denying neighbors their day in court when neither applicant nor the trial court was prejudiced by the failure to move for party status defies reason and thus amounts to an abuse of discretion. See *Mathieu Enters., Inc. v. Patsy's Cos.*, 2009 VT 69, ¶ 10, 186 Vt. 557, 978 A.2d 481 (mem.) (abuse of discretion occurs when that discretion is exercised "on grounds or for reasons clearly untenable, or to an extent clearly unreasonable" (quotation

omitted)). Therefore, I would hold that the trial court abused its discretion in dismissing neighbors' appeal and remand for the court to address the standing issue.

¶ 35. I am authorized to state that Judge Crawford joins in this dissent.