## State of Vermont
## Superior Court—Environmental Division

=======================================================================
# ENTRY REGARDING MOTION
=======================================================================

**In re Hartland Group Real Estate (Completion Extension)**       **Docket No. 94-7-11 Vtec**
**(Appeal from City of Burlington Development Review Board decision)**

Title: Motion to Dismiss for Lack of Standing (Filing No. 1)

Filed: September 9, 2011

Filed By: Geoffery H. Hand, Co-counsel for Appellee Hartland Group Real Estate Development, LLC

Response in opposition filed on 9/27/11 by Alan A. Bjerke, Attorney for himself as Appellant and Appellant Edward Winant

Reply filed on 9/26/11 by Geoffery H. Hand, Co-counsel for Appellee Hartland Group Real Estate Development, LLC


  _X_ Granted                     ___ Denied                     ___ Other

Alan Bjerke and Edward Winant ("Appellants") have appealed a decision of the City of Burlington Development Review Board ("the DRB") granting Hartland Group Real Estate Development, LLC ("Hartland") a second one-year extension of time to complete construction of a project in Burlington, Vermont.  The project involves the adaptive reuse of an existing industrial warehouse and the new construction of 25 condominiums, an enclosed parking area, and a café.  Hartland has now moved to dismiss this appeal, arguing that neither appellant has standing to appeal the DRB's decision because neither qualifies as an "interested person."  While there are other motions currently pending in this appeal, we take up the motion to dismiss first, in this Entry Order, because it speaks to our jurisdiction to hear Appellants' arguments.

The Court's jurisdiction is limited to actual cases and controversies.  In order to ensure that a matter before the Court is such a dispute, the Court will hear challenges to a prospective appellant's standing to bring forward her claim.  See Agency of Natural Res. v. U.S. Fire Ins. Co., 173 Vt. 302, 306 (2001) (explaining that Vermont courts have adopted the same restriction as federal courts in terms of only hearing cases where actual controversies exist between the parties and thus only allow parties having standing to raise claims in Vermont courts).  A prospective appellant whose standing has been challenged must demonstrate to the Court that she does, in fact, meet the requirements for standing. See, e.g., Brod v. Agency of Natural Res., 2007 VT 87, ¶ 9, 182 Vt. 234.  The requirements for standing to appeal a decision of a municipal panel are addressed by statute; therefore, we must ensure that each requirement is met so as not to "judicially expand the class of persons" whom the legislature authorized to appeal such decisions.  In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 7, 188 Vt. 262 (quoting Garzo v. Stowe Bd. of Adjustment, 144 Vt. 298, 302 (1984)).

To have standing to appeal a decision of a municipal panel, a prospective appellant must demonstrate that she qualifies as an "interested person" under one of the categories defined in 24 V.S.A. § 4465(b).  See 24 V.S.A. § 4471(a) (authorizing an "interested person who has participated in a municipal regulatory proceeding" to appeal "a decision rendered in that proceeding by an appropriate municipal panel").  Because Appellants here argue that they qualify under the third

category of interested persons, they must show that they can meet each of that category's three requirements: that they 1) "own[] or occupy[] property in the immediate neighborhood of a property" subject to the DRB's decision; 2) "can demonstrate a physical or environmental impact on [their] interest under the criteria reviewed"; and 3) "allege[] that the decision . . . if confirmed, will not be in accord with the policies, purposes, or terms" of the City of Burlington's town plan or bylaws.  24 V.S.A. § 4465(b)(3).

While the majority of Appellants' filings in this appeal demonstrate an attention to the details of the applicable law, their response to Hartland's motion to dismiss for lack of standing is regrettably deficient.  Appellants have included no allegation regarding physical or environmental impacts on their interests; indeed, they do not even state that the DRB's decision to extend the construction deadlines will impact them.  The entirety of their argument regarding why they meet the requirements of § 4465(b)(3) is that "they are adjoining property owners who alleged . . . that a second extension of time for the completion of [Hartland's] project is not in accord with the relevant zoning bylaw for the municipality."

From these allegations, we must conclude that Appellants overlooked that one of the central requirements for them to have standing is that they "can demonstrate a physical or environmental impact on [their] interest under the criteria reviewed."  See 24 V.S.A. § 4465(b)(3).  They failed to assert such an impact.  Further, Appellants' bare assertion that they are "adjoining property owners" is more akin to a restatement of the rule itself than a factual allegation describing what property they own or where their property is located in relation to the property on which the project is being constructed.  While the hurdle of demonstrating standing to appeal a decision to our Court is a low one, Appellants here have failed to make the minimum factual allegations necessary for us to conclude that we have jurisdiction over their claims.  See Brod, 2007 VT 87, ¶ 9.

Lacking sufficient factual allegations, we cannot conclude that Appellants have standing to bring this appeal.  Consequently, we do not have jurisdiction over their claims, and, under the provisions of V.R.C.P. 12(b), we **DISMISS** Appellants as parties and also **DISMISS** their appeal.  The remaining motions pending in this matter are addressed in separate Entry Orders, also issued today.

This Entry Order, and the others accompanying it, conclude the matter before the Court in this Docket.

_____                   _____November 1, 2011_____
            Thomas S. Durkin, Judge                                                  Date
=============================================================================
Date copies sent to: _____                              Clerk's Initials _____
Copies sent to:
  Alan A. Bjerke, Attorney for himself as Appellant and Appellant Edward Winant
  Brian S. Dunkiel, Attorney for Appellee Hartland Group Real Estate Development, LLC
  Geoffrey H. Hand, Co-counsel for Appellee Hartland Group Real Estate Development, LLC
  Elizabeth H. Catlin, Co-counsel for Appellee Hartland Group Real Estate Development, LLC
  Kimberlee J. Sturtevant, Attorney for Interested Person City of Burlington