STATE OF VERMONT

| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Environmental Division Unit | Docket No. 138-11-15 Vtec |

| Ring 85 Depot Street Conditional Use | DECISION ON MOTION |

In the present matter, the Town of Hyde Park (Town) seeks conditional use approval to build a trailhead and parking area (the Project) near the Lamoille Valley Rail Trail on a parcel of land located at 85 Depot Street Extension in Hyde Park, Vermont (the Property). The State of Vermont Agency of Transportation (VTrans) claims to own the Property, and plans to lease it to the Town for the Town's proposed project. The Town received conditional use approval from the Town Development Review Board (DRB) on November 21, 2015. David Ring, a Hyde Park resident, appealed the approval to this Court. In Mr. Ring's Statement of Questions, he argues that he owns a portion of the Property, that the Project violates the Town's Zoning Bylaws.

Pending before the Court are two motions. The first is a motion by VTrans to dismiss[1] questions in Mr. Ring's Statement of Questions that appear to raise property rights issues, which are outside our subject matter jurisdiction. The second is a motion for summary judgment from the Town, arguing that Mr. Ring does not have standing to bring this appeal because he did not participate in the DRB's conditional use hearing as required under 24 V.S.A. § 4471(a). We address these issues in the order they were presented to the Court.

**Factual Background**

For the sole purpose of deciding the pending motions, we recite the following facts, which we understand to be undisputed unless otherwise noted:

---

[1] The State's motion is actually styled a "Motion to Strike" the listed questions. Under V.R.C.P. 12(f), ""Upon a motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Vermont Supreme Court has emphasized that "[a] motion to strike is not designed as a mechanism for presenting disputes about law or fact." Watson v. Village at Northshore I Ass'n, Inc., No. 2013–451, 2014 WL 3714662, at *2 (Vt. May 2014). In a sense, Appellant's questions relating to property rights are "immaterial" because they exceed the jurisdiction of this court. But each of those questions also represents a claim to relief, and VTrans seeks to "strike" them on substantive grounds. We will therefore treat the State's motion as a motion to dismiss for lack of subject matter jurisdiction under V.R.C.P. 12(b)(1). See In re Conlon CU Permit, No. 2-1-12 Vtec, slip op. at 1 (Vt. Super Ct. Envtl. Div. Aug. 30, 2012) (treating a motion to strike as a motion to dismiss).

1

1.      The Town submitted a conditional use application to the DRB on September 10, 2015 to build a trailhead and parking area on a parcel of land at 85 Depot Street Extension near the Lamoille Valley Trail in Hyde Park, Vermont.

2.      The Town represents that VTrans owns the Property and plans to lease the Property to the Town for the Project.

3.      On September 16, 2015, the Town Zoning Administrator mailed notice of the DRB hearing on the Town's conditional use application to Mr. Ring (among others).

4.      After receiving the notice and before the DRB hearing date, Mr. Ring contacted the Zoning Administrator and claimed that he owns a portion of the Property.  Mr. Ring did not provide any documentation of his ownership.

5.      In the "Staff Report" that the Zoning Administrator prepared in advance of the DRB's hearing, the Zoning Administrator noted, "One public comment has been received from David Ring.  David believes that he owns a 30' x 50' parcel along the south side of Depot St Extension . . .."

6.      The DRB held its hearing on October 6, 2015.  Mr. Ring did not attend the hearing.

7.      Mr. Ring appealed the DRB's conditional use approval to this Court and filed a thirteen-question Statement of Questions, nine of which appear to ask this Court to adjudicate his property dispute with the State of Vermont.

I.      **Motion to Dismiss**

The State has moved to dismiss Questions 1–4, 6, 7, and 10–12 of Mr. Ring's Statement of Questions, arguing that they are beyond the jurisdiction of the Environmental Division because they relate to private property rights.  Mr. Ring acknowledges that the challenged questions ask the Environmental Division to adjudicate his property dispute with the State, but argues (1) that the Town advised him to raise these issues in the form of an appeal to the Environmental Division and (2) it is confusing and illogical to limit the Environmental Division's jurisdiction to exclude private property rights, since most permits "most definitely deal with land, land parcels, and land ownership."  Appellant's Mem. of Law in Supp. of Mot. to Strike State Mot. to Strike at 1, filed Mar. 9, 2016.

The Vermont Superior Courts are divided into five divisions: Civil, Criminal, Family, Environmental, and Probate.  4 V.S.A. § 30(a)(1).  The Environmental Division has jurisdiction over (1) matters arising under chapters 201 and 220 of Title 10; (2) matters arising under

2

chapter 117 and subchapter 12 of chapter 61 of Title 24; and revocation of permits under chapter 15 of Title 10 (Act 250). 4 V.S.A. § 34. Other civil matters must be tried in the Civil Division of the Superior Court. See 4 V.S.A. § 31 (outlining the Civil Division's jurisdiction).

As Mr. Ring points out, property disputes frequently arise in the land use permitting process. But, while we typically require applicants to make a "threshold showing of ownership" (i.e., to introduce some small amount of evidence that they own the property at issue), we have long held that only the Civil Division can fully adjudicate property disputes. See, e.g., In re Town of Charlotte Rec Trail, Nos. 98-5-08 and 58-4-10 Vtec, slip op. at 13–14 (Vt. Super Ct. Envtl. Div. Feb. 14, 2011). Thus, even when a land use permit application causes a property dispute, the permit appeal and the property dispute must be tried separately, with the permitting issues tried in the Environmental Division, and the property dispute in the Civil Division. Id. We understand Mr. Ring's confusion over this split jurisdiction, since this split can cause inefficiencies. But we must adhere to the statute, and we therefore conclude that Questions 1–4, 6, 7, and 10–12 are outside our jurisdiction.

Mr. Ring has asked the Court to transfer the dismissed questions to the Civil Division to save him the cost of an additional filing fee. Mr. Ring essentially asks us to transfer only a *part* of his case to the Civil Division, since some of his questions are within our jurisdiction and will remain with the Environmental Division going forward. When the Legislature reorganized the trial courts into a unified court with five divisions in 2010, the Legislature envisioned that there might be transfers between divisions. See 4 V.S.A. § 30(a)(2) (ordering the Supreme Court to promulgate rules governing the transfer of cases). To date, the Supreme Court has not promulgated such rules.

Where a litigant's entire claim is mis-filed, and belongs in a different division, it may make sense to transfer the case, since the litigant is only instituting one action in the court system. Where a litigant has two parallel proceedings in two separate divisions, however, it is only fair to require the litigant to initiate two separate actions. Because some of Mr. Ring's questions *are* within our jurisdiction, and will remain in the Environmental Division going forward, we conclude that Mr. Ring must file a new action in the Civil Division if he wishes to proceed with his property rights dispute.

3

We therefore **DISMISS** Questions 1–4, 6, 7, and 10–12 of Mr. Ring's Statement of Questions without prejudice. Mr. Ring is free to raise those issues by filing an appropriate action and paying the filing fee in the Civil Division.

## II. Motion for Summary Judgment

The Town has moved for summary judgment on the grounds that Mr. Ring does not have standing to bring this appeal because he was not present at the DRB's hearing on the Town's conditional use application. Under 24 V.S.A. § 4471(a), only a person who has "participated in a municipal regulatory proceeding . . . may appeal a decision rendered in that proceeding." It is undisputed that Mr. Ring did not attend the DRB's hearing on the Town's conditional use application, but instead contacted the Town Zoning Administrator to voice his objections to the Project sometime after receiving notice and before the date of the hearing. The Zoning Administrator noted Mr. Ring's objection in his staff report to the DRB, writing: "One public comment has been received from David Ring." The Town argues that this does not constitute "participation" under the statute; under the Town's interpretation a party must personally attend a hearing or send a personal representative to offer comments (written or spoken) in the hearing itself in order to satisfy this participation requirement.

The Court will grant summary judgment when a movant shows that there is no dispute of material fact and the movant is entitled judgment as a matter of law. V.R.C.P. 56(a). In considering a motion for summary judgment, we will give the nonmovant the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, 176 Vt. 356.

The fundamental purpose of the participation requirement is to "bring information before the municipal panel as a way of helping that panel reach its decision in the first instance." See In re Verizon Wireless Barton Permit, 2010 VT 62, ¶¶ 11, 13, 188 Vt. 262. The Vermont Supreme Court has therefore held that raising concerns to a municipal panel *after* the panel has already made its decision does not constitute "participat[ion] in a municipal regulatory proceeding" because this does not allow the municipal panel or the applicant to hear and respond to concerns while deliberations are still underway. But the Supreme Court has also held that an interested person does not need to comment in the actual hearing that leads to the challenged decision. See In re Carroll, 2007 VT 19, ¶¶ 3–5, 13, 181 Vt. 383 (holding that participation in a hearing on preliminary plat review satisfied the participation requirement in an appeal of a final plat plan). Part of the reasoning for the Carroll holding was that a

4

"proceeding" includes "'all acts and events between the time of commencement and the entry of judgment.'" See id. ¶ 13 (quoting Black's Law Dictionary 1241 (8th ed. 2004)).

We have interpreted these cases to mean that an appellant need not voice her opinion about a project in the hearing itself: we have held that letters sent to a municipal panel or a town's planning and zoning offices in advance of a hearing satisfy the participation requirement in 24 V.S.A. § 4471(a).  See In re Caleb Temple DBA Kirby MTN Landscaping, No. 107-8-11 Vtec, 2012 WL 5357959, at *1 (Vt. Super. Ct. Envtl. Div. Sept. 5, 2012); In re Bay Harbor Marina, Inc., No. 118-8-13 Vtec, 2013 WL 8336463, at *2 (Vt. Super. Ct. Envtl. Div. Oct. 25, 2013).  We have also held that letters submitted in advance of a hearing do not need to be addressed to the municipal panel or even to the town, so long as the contents of the letter are "sufficiently 'related to the subject of the proceeding.'"  Id. (quoting 24 V.S.A. § 4471(a)).

We do not have many details about Mr. Ring's and the Zoning Administrator's contact in advance of the hearing.  It is possible that Mr. Ring contacted the Zoning Administrator by mailing a written statement of concern before the hearing—a form of "participation" we have already approved in In Caleb Temple and In re Bay Harbor Marina.  But, even if Mr. Ring only made oral statements to the Zoning Administrator, we can infer that Mr. Ring made it clear that his objections were intended to be a "public comment" on the project and took steps to ensure that his commentary was part of the DRB's review because the Zoning Administrator characterized them as such and did in fact include them in his report to the DRB. We do not interpret In re Caleb Temple and In re Bay Harbor Marina to require written comments *per se*. If a party were to voice an off-the-cuff opinion about a project to a town official in an informal setting, that would likely not constitute "participation" for the purposes of 24 V.S.A. § 4471(a). But, where, as here, a party makes a comment to an appropriate town representative in the representative's official capacity, where the party makes it clear that his commentary is intended as a "public comment" to be considered by a municipal panel, and where the comment is included within the Staff Report considered by the municipal panel, we conclude that the commentary constitutes "participation."  This type of commentary would satisfy the fundamental purpose of the participation requirement, namely, that "an appellant bring information before the municipal panel as a way of helping that panel reach its decision in the first instance." Verizon Wireless Barton Permit, 2010 VT 62, ¶ 11.

Interpreting the facts before us on summary judgment in the light most favorable to Mr. Ring, we conclude that Mr. Ring's comments to the Zoning Administrator before the DRB hearing constitute participation under 24 V.S.A. § 4471(a), and we **DENY** summary judgment to the Town.

## Conclusion

We conclude that Mr. Ring's Questions 1–4, 6, 7, and 10–12 are outside our subject matter jurisdiction. Because Mr. Ring still has some other questions pending before the Court, we decline to transfer his case to the Civil Division, and instead we **DISMISS** Questions 1–4, 6, 7, and 10–12 without prejudice. We also conclude that Mr. Ring's submission of public comments before the DRB hearing constitutes "participation" under 24 V.S.A. § 4471(a). We therefore **DENY** the Town's motion for summary judgment.

Electronically signed on July 06, 2016 at 11:42 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division