STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 96-9-18 Vtec

---

Brattleboro Memorial Hospital Act 250
Permit Amendment Appeal (Permit #2W0854-A)

---

## ENTRY REGARDING MOTION

Count 1, Act 250 District Commission Decision (96-9-18 Vtec)

Title:      Motion to Stay (Motion 4)

Filer:      Sandra Cunningham

Attorney:      Pro Se

Filed Date:      November 14, 2018

Response in Opposition filed on 12/05/2018 by Attorney Christopher D. Roy for Appellee /Applicant Brattleboro Memorial Hospital

**The motion is DENIED.**

This appeal concerns a state land use permit amendment that was issued by the District #2 Environmental Commission ("District Commission") to Brattleboro Memorial Hospital ("BMH"). This permit amendment specifically authorizes BMH to replace its existing heating system "with a series of high-pressure steam boilers."[1] Re: Brattleboro Mem'l Hosp., App. #2W0854-A, Findings of Fact, Conclusions of Law and Order at 1 (Dist. 2 Envtl. Comm'n, Aug. 7, 2018), a copy of which was attached to BMH's memorandum in opposition to Appellant's request for stay at Tab A. No other work or improvements are authorized by the appealed permit amendment.

By letter filed with the Court on November 14, 2018, Appellant Sandra Cunningham ("Appellant") requested that the Court issue a stay of Permit #2W0854-A.[2] Appellant advised that she originally believed that such a stay would be automatic, but later learned that she was mistaken, and therefore requests that this Court issue a stay of the permit.

---

[1] The more substantial improvements to the hospital that were the subject of Act 250 Permit #2W0854 and its other amendments are not the subject of these appeal proceedings.

[2] Appellant Cunningham was originally joined in this appeal by Co-Appellant Francine Condosta. However, by letter filed on October 25, 2018, Ms. Condosta notified the Court and all parties that she wished to withdraw from this appeal. Therefore, Appellant Cunningham is the sole appellant in this matter.

Appellant also alleges that the planned improvements "include[] two new opening vents in the brick wall facing [her] neighborhood." Id. She further alleges that BMH failed to adequately consider noise mitigation efforts. Most concerning to Appellant is that BMH has apparently decided to proceed with the heating plant replacement project while its appeal is pending before this Court.

Our Rule 5(e) authorizes this Court to issue stays of "the act or decision [appealed from] and make such other orders as are necessary to preserve the rights of the parties upon such terms and conditions as are just." V.R.E.C.P. 5(e). In determining whether the equities weigh in favor of issuing a stay, we consider four established factors:

> (1) the likelihood of success of the appealing party on the merits, (2) whether the party seeking the stay will suffer irreparable injury if the stay is not granted, (3) whether the issuance of a stay will substantially harm other parties, and (4) the location of the best interests of the public.

N. Cmty. Inv. Corp. Conditional Use Application, Nos. 123-6-07 Vtec, 128-6-07 Vtec, and 152-7-07 Vtec, slip op. at 2 (Vt. Envtl. Ct. Aug. 30, 2007) (Durkin, J) (quoting In re Tariff Filing of New England Tel. & Tel. Co., 145 Vt. 309, 311 (1984)).[3]

Appellant, a self-represented litigant, has not directly addressed these four factors. However, we can glean from her stay request and other filings that she fears that the heating plant improvements, with their additional external vents, will result in increased noise, affecting her and the other immediate neighbors. She asserts that a study offered to the District Commission below by BMH's noise expert did not take these new vents and the resulting noise into consideration. It appears that BMH disputes this assertion.

Based upon what has been thus far presented, we cannot discern the likelihood of Appellant's success on the merits should this matter proceed to trial. We are not aware of what irreparable injuries Appellant may suffer should BMH proceed with the completion of these improvements and Appellant is successful in her appeal. We further discuss this outcome and remedy below.

BMH asserts that it and the people it serves will be harmed if this Court grants Appellant's requested stay, thus addressing the third and fourth factors described in the NET&T Tariff Filing appeal.

On the basis of the record currently before us, we cannot conclude that Appellant has sufficiently addressed the four factors necessary for a stay request. While we afford self-represented litigants with some degree of flexibility when applying procedural rules, it is not

---

[3] The NET&T Tariff Filing appeal concerned a utility rate increase request that was first heard by the Vermont Public Service Board. The Supreme Court established these four factors in the appeal when considering a challenge to a stay request and also noted that the Public Service Board was statutorily authorized to consider the issuance of a stay "as justice and equity require." Id. at 311 (citing 30 V.S.A. § 14). Due to the similarity of language in V.R.E.C.P. 5(e), we have relied upon the NET&T Tariff Filing precedent when considering stay requests in environmental appeals. See, e.g., In re Allen Rd. Land Co. Act 250 Permit, Nos. 62-4-11 Vtec, 63-4-11 Vtec (Vt. Super. Ct. Envtl. Div. July 6, 2011) (Durkin, J.); Devonwood Investors, LLC 75 Cherry St., No. 39-4-17 Vtec (Vt. Super. Ct. Envtl. Div. May 22, 2017) (Walsh, J.).

proper for this Court to derive arguments on their behalf when support for their position is lacking. See In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 22, 188 Vt. 262. We therefore **DENY** Appellant's stay request at this time.

We note, however, that BMH bears the risk and burden of proceeding with these improvements while this appeal is pending. If this appeal results in a voiding of the permit issued by the District Commission, BMH could be at risk of losing its authority to operate the improved heating plant as first permitted. Such an outcome could result in orders to remove the improvements or to construct and maintain other mitigation measures. Our decision here to deny Appellant's stay request should in no way be read as an indication of the final outcome of this appeal, since a final determination cannot be made until all parties have an opportunity to present their evidence at trial.

**So Ordered.**

Electronically signed on April 10, 2019 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Appellant Sandra Cunningham
Gregory J. Boulbol (ERN 1712), Attorney for the Vermont Natural Resources Board
Christopher D. Roy (ERN 1352), Attorney for Appellee/Applicant Brattleboro Memorial Hospital
Robert M. Fisher (ERN 4228), Attorney for the Town of Brattleboro