STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Docket No. 68-6-18 Vtec

| 34 Fitzsimonds Rd 3-Lot Subdivision |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss Joseph Verga (Motion 2)

Filer:          Brian Hehir

Attorney:    Self-represented

Filed Date:  September 26, 2018

No response filed

**The motion is GRANTED.**

Brian and Julie Hehir have applied to subdivide their property located at 34 Fitzsimonds Road in Jericho, Vermont, ("the Property") into three lots. On June 18, 2018, the Town of Jericho ("Town") Development Review Board ("DRB") approved their application, with conditions, and denied their request for a waiver of a regulatory requirement limiting each lot in the Town to one curb-cut. On June 28, 2018, the Hehirs timely appealed one of the DRB's conditions of approval—a condition requiring the Hehirs to provide the Town with a recreational easement over part of the Property—as well as the denial of the waiver. Joseph Verga, a neighboring property owner, entered his appearance as a self-represented interested person on August 6, 2018. Presently before the Court is the Hehirs' motion to dismiss Mr. Verga for lack of standing.

Standing is a "necessary component to the court's subject matter jurisdiction." Bischoff v. Bletz, 2008 VT 15, ¶ 15, 183 Vt. 235. Thus, we evaluate a motion to dismiss for lack of standing under the V.R.C.P. 12(b)(1) standard for motions to dismiss for lack of subject matter jurisdiction. See, e.g., In re Two Bad Cats, LLC Conditional Use, No. 169-12-14 Vtec, slip op. at 1-2 (Vt. Super. Ct. Envtl. Div. May 29, 2015) (Walsh, J.). When a V.R.C.P. 12(b)(1) motion is before this Court, we accept as true all uncontroverted facts set out by the nonmovant and construe them in the light most favorable to him or her. In re DeGraaf Change of Use, No. 62-5-14 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. July 24, 2014) (Walsh, J.) (citing Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245).

Parties that qualify as interested persons under 24 V.S.A. § 4465(b) have standing to appear before this Court. Pursuant to § 4465(b)(3), individuals who do not own the subject property can participate in an appeal as an interested person if they: (1) own or occupy property in the "immediate neighborhood" of the subject property; (2) can "demonstrate a physical or environmental impact on [their] interest under the criteria reviewed"; and (3) allege that the municipal decision, "if confirmed," will not be in keeping with "the policies, purposes, or terms of the plan or bylaw of that municipality."

To demonstrate a physical or environmental impact on their interests, parties do not need to definitively prove an injury, but they must show that there is the "reasonable possibility" of an impact that is particularized and non-speculative. See In re Goddard Coll. Conditional Use, No. 175-12-11 Vtec, slip op. at 2-3 (Vt. Super. Ct. Envtl. Div. July 5, 2012) (Walsh, J.) (citing In re Bennington Wal-Mart Demolition/Constr. Permit, No. 158-10-11 Vtec, slip op. at 9-10 (Vt. Super. Ct. Envtl. Div. Apr. 24, 2012) (Walsh, J.) (describing the "reasonable possibility" requirement); In re Vt. Transco LLC Subdivision, No. 32-3-18 Vtec, slip op. at 1-2 (Vt. Super. Ct. Envtl. Div. Oct. 17, 2018) (Walsh, J.) (detailing the particularized impact requirement) (citations omitted).

The Hehirs allege that Mr. Verga cannot show that their proposed subdivision will produce a physical or environmental impact on his interests. They assert that the Town proposes the recreational easement for the side of the Property opposite Mr. Verga's land. Though Mr. Verga participated in a September 10, 2018 status conference conducted by this Court, he has not submitted a response to the motion to dismiss, or to any other motions pending in this matter.

The Hehirs concede that Mr. Verga owns property in the immediate neighborhood. The boundaries of their respective properties do not overlap, but they do share a single point where the southwestern corner of the Hehirs' property meets the northeastern corner of Mr. Verga's property. We acknowledge that, as a general matter, adjacent property owners will typically be best situated to assert a strong claim for interested person status. Without a response from Mr. Verga, however, this Court cannot speculate or conceive of potential physical or environmental impacts on his behalf. While we will introduce some degree of procedural flexibility for self-represented litigants, it is not this Court's place to craft an argument or supply an opposition memorandum where there is none. See In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 22, 188 Vt. 262; In re Waitsfield Public Water System Act 250 Permit, No. 33-2-10 Vtec, slip op. at 8-9 (Vt. Super. Ct. Envtl. Div. Nov. 2, 2010) (Durkin, J.).

To rule otherwise would place a burden on parties opposing the party status of non-appellant interested persons where there is not support for one. It is true that a presumption of party status attaches to interested persons who timely enter their notice of appearance, as with appellants who timely file a notice of appeal. See V.R.E.C.P. 5(d)(2). It is also true that an opponent challenging the party status of an *appellant* "has the burden of establishing the lack of status on motion to dismiss the party or the appeal . . . ." Reporter's Notes—V.R.E.C.P. 5 (discussing the burdens of claiming or challenging party status pursuant to Rule 5(d)(2)).

Non-appellant interested persons who timely appear, like Mr. Verga, are treated differently under the V.R.E.C.P. Parties in this category get the benefit of the presumption of party status upon entering their appearance "unless the court otherwise determines on its own motion, on motion to dismiss a party, or on a motion to intervene." V.R.E.C.P. 5(d)(2); see also Reporter's Notes—V.R.E.C.P. 5 (stating that parties who timely file a notice of appearance "will be accorded party status unless the court rules otherwise on motion to dismiss that person as a party.").

We do not here decide the full extent of the burden that falls on parties challenging the party status of non-appellant interested persons who timely appear. We do, however, conclude that when an opponent challenges the standing of a non-appellant interested person with a motion to dismiss that offers more than conclusory restatements of the legal standard, and the

challenged party does not oppose the motion, it is proper for this Court to grant the motion.[1] See V.R.C.P. 78(b) ("Any party opposed to the granting of a written motion shall file a memorandum in opposition thereto . . . . If a memorandum in opposition is not timely filed when required under this rule, the court may dispose of the motion without argument.").

Proximity to the subject property alone does not guarantee party status. See In re UVM Certificate of Appropriateness, No. 90-7-12 Vtec, slip op. at 11-13 (Vt. Super. Ct. Envtl. Div. Feb. 26, 2013) (Walsh, J.). "Even a person living mere inches from a project must still demonstrate a reasonable possibility of a 'physical or environmental impact' on his or her interests under the criteria reviewed." Id. at 11. Because Mr. Verga has not done so here, and it is not proper for this Court to do so in his stead, we conclude that Mr. Verga has not shown that he is interested in retaining his interested person status. Therefore, we **GRANT** the Hehirs' motion to dismiss Mr. Verga as a party in this appeal.


**So Ordered.**


Electronically signed on April 19, 2019 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Appellants Brian and Julie Hehir

Claudine C. Safar (ERN 3985) and James F. Conway (ERN 8706), Attorneys for the Tn. of Jericho

Interested Person Joseph Verga

---

[1] This Court has looked at other materials in the record when faced with an opposition to a motion to dismiss that failed to demonstrate the reasonable possibility of a physical or environmental impact. See In re UVM Certificate of Appropriateness, No. 90-7-12 Vtec, slip op. at 12-13 (Vt. Super. Ct. Envtl. Div. Feb. 26, 2013) (Walsh, J.) (concluding that a letter of concern sent by the interested person to the municipal panel below articulated potential impacts sufficient to establish standing, even though his opposition to the motion to dismiss did not). In the present matter, however, we cannot identify any similar assertions of an impact by Mr. Verga in oral or written form.