STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 122-11-18 Vtec

| MT Assoc aka Midway Oil LU Permit |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Other OTR (122-11-18 Vtec)

Title:          Motion to Dismiss (Motion 2)

Filer:          MT Associates aka Midway Oil

Attorney:       James B. Anderson

Filed Date:     February 26, 2019

Joinder to Motion filed on 03/22/2019 by Attorney Constance T. Pell for Interested Person Town of Brandon

Response in Opposition filed on 04/08/2019 by Brent L. Buehler, Appellant

**The motion is DENIED IN PART.**

The present on-the-record appeal is of a conditional use permit issued to MT Associates and Midway Oil (together, Applicant) by the Town of Brandon (Town) Development Review Board (DRB) to reconfigure a gas station and convenience store owned by Applicant. Brent Buehler, an abutting landowner, appeals that decision to this Court. Presently before the Court is Applicant's motion to dismiss Mr. Buehler for lack of standing and for failure to state a claim upon which relief can be granted.[1] We first address Mr. Buehler's standing, then turn to the remainder of Applicant's motion.

The Court's subject matter jurisdiction relies upon the standing of a party to present their claim. Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235. As such, we review the pending motion to dismiss for lack of standing under the standard of review afforded by V.R.C.P. 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction. In re Goddard Coll. Conditional Use, No. 175-12-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. July 5, 2012) (Walsh, J.). In considering such a motion, we view the factual allegations presented in the light most favorable to the non-moving party, Mr. Buehler here. Id.; Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.

Standing to appeal a DRB decision is, in relevant part, conferred only to "interested person[s]" who have participated in the DRB hearing by "offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding." 24 V.S.A. § 4471(a). We "strictly adhere" to this language and may not give standing to those falling outside the statutory parameters. In re Gulli, 174 Vt. 580, 582 n.* (2002) (mem.) (citations omitted).

---

[1] The Town has joined Applicant's motion.

The fundamental purpose of this participation requirement is to "bring information before the municipal panel as a way of helping that panel reach its decision in the first instance." See In re Verizon Wireless Barton Permit, 2010 VT 62, ¶¶ 11, 13, 188 Vt. 262. The Vermont Supreme Court, however, has held that an interested person does not need to comment in the actual hearing that leads to the challenged decision. See In re Carroll, 2007 VT 19, ¶ 3—5, 181 Vt. 383 (holding that participation in a hearing on preliminary plat review satisfied the participation requirement in an appeal of the final plat plan).

We have interpreted the requirement, and its underlying purpose, to mean that letters sent to a municipal panel or a town's planning or zoning offices in advance of a hearing satisfy the participation requirement in 24 V.S.A § 4471(a). See In re Caleb Temple DBA Kirby MTN Landscaping, No. 107-8-11 Vtec, slip op. at 1—2 (Vt. Super. Ct. Envtl. Div. Sept. 5, 2012) (Walsh, J.); cf. Verizon Wireless, 2010 VT 62, ¶ 10 (affirming this Court's conclusion that a letter submitted *after* the municipal panel reached its decision did not qualify as participation under the statute). We have also held that letters submitted in advance of a hearing do not need to be addressed to the municipal panel or even to the municipality, so long as the contents of the letter are "sufficiently 'related to the subject of the proceeding.'" In re Bay Harbor Marina, Inc., No. 118-8-13 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Apr. 16, 2014) (Durkin, J.).

Applicant argues that Mr. Buehler did not participate in the proceedings before the DRB and should be dismissed.[2] This is because, in Applicant's view, Mr. Buehler's letter does not raise any concerns relevant to the merits of the project as proposed.

Here, Mr. Buehler was unable to attend the DRB's September 12, 2018 hearing regarding the application. Instead, he submitted a letter dated September 8, 2018, to the Town Zoning Administrator raising his concerns regarding the permitting of the project. The letter states that he would be unable to attend the scheduled hearing and would like the letter to be read into the record at the hearing. The DRB did not read the letter into the record.

We conclude that, even though the letter was not read at the hearing, Mr. Buehler sufficiently offered written testimony. We therefore turn to whether the letter's contents are sufficient to satisfy the remaining considerations relevant to the participation requirement in § 4471(a).

---

[2] We note that, in its reply to Mr. Buehler's opposition to its motion to dismiss, Applicant asserts both that Mr. Buehler failed to participate in the proceedings below and that he has failed to argue or show how his property rights as an abutting landowner were impacted by the grant of the permit. See 24 V.S.A. § 4465(b)(3) (requiring that a landowner in Mr. Buehler's position demonstrate "a physical or environmental impact" on his interests to have standing). In Applicant's original motion to dismiss, the introduction section states that because Mr. Buehler failed to participate and failed to argue that his rights as an abutter were impacted the Court is without subject matter jurisdiction. The motion's analysis focuses on the participation issue then blanketly states the standard regarding the impact requirement. Then, as noted, in its reply to the opposition, Applicant states that Mr. Buehler failed to show how the permit on appeal impacts his property.

The party filing an appeal has the initial burden of stating the basis for his or her party status. V.R.E.C.P. 5(b)(3) ("The notice of appeal must specify the party or parties taking the appeal and the statutory provision under which each party claims party status."). Under circumstances such as the one presently before the Court, a notice of appeal would invoke 10 V.S.A. § 8504(b)(1), which guarantees standing for interested persons who participated in the municipal proceedings below. See also 24 V.S.A. § 4471(a). When this is invoked, an appellant is "automatically accorded that status," and the burden then falls upon other parties or the Court itself to challenge it. V.R.E.C.P. 5(d)(2); see also Reporter's Notes, V.R.E.C.P. 5.

Applicant's motion meets the burden of challenging Mr. Buehler's standing in this matter on participation grounds. It does not, by the bare recitation of the standing principle of injury, meet its burden in that respect. As such, we decline to address the issue here.

Mr. Buehler's letter largely addresses his concerns regarding the use of the project site by the Vermont Agency of Transportation (VTrans) and a third party (Casella) related to construction on Route 7. While his letter raises concerns related to whether VTrans needed a permit for this use, it also raises concerns regarding the project presently proposed. Specifically, the letter questions the appropriateness of Applicant applying for the permit on appeal "at this time since the purpose of the construction permit was not exercised during the term of its last application, and will not be exercised until this current use as a construction storage site is abandoned."

We conclude that these statements are sufficiently related to the subject of the DRB proceeding, which was held to address Applicant's conditional use application for the reconfiguration of the project site. Therefore, we conclude that Mr. Buehler met the participation requirement and has standing to appeal the DRB's decision to this Court. Thus, we **DENY** Applicant's motion in this respect. We therefore turn to whether the Court may hear the contents of Mr. Buehler's appeal.

Applicant also moves for this Court to dismiss the present appeal pursuant to V.R.C.P. 12(b)(6). In the course of considering the parties' filings, however, the Court has been made aware of jurisdictional issues with the present appeal. This Court has the power, and duty, to raise its lack of subject matter jurisdiction sua sponte, regardless of how the issue comes to the Court's attention. In re G.R. Enters., Inc., No. 27-2-08 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 12, 2008) (Wright, J.). We therefore address whether the Court has subject matter jurisdiction over the present appeal.[3]

We are a Court of appellate jurisdiction. The scope of our review, and consequentially our subject matter jurisdiction, is confined to those issues that the municipal panel below had the authority to address when considering the original application. See In re Transtar LLC, No. 46-3-11 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. May 24, 2012) (Durkin, J.).

The application before the Court is one for a replacement permit for the reconfiguration of a previously permitted commercial gas station and convenience store. Mr. Buehler's Questions, in both his Original and Amended Statement of Questions, which are put into context by his opposition to Applicant's motion to dismiss, address his concerns with the project site's current use as a construction storage site for an unrelated project pursuant to an agreement between a third party, Casella, and the State of Vermont, through VTrans.[4] In fact, the vast majority of his opposition is related to this concern.[5]

This agreement is not before the Court and the parties have not directed us to any authority which would allow us to review the agreement in this appeal. VTrans and Casella are not parties to this matter. We have not been directed to any application by or review required of VTrans' or Casella's activities. We also have not been directed to any authority directing the DRB to take consideration of such agreements when considering an application such as that

---

[3] While we are considering our jurisdiction to hear this appeal on slightly different grounds than those raised by Applicant, the parties have had a full and fair opportunity to address the considerations relevant to this issue (i.e., whether concerns raised by Mr. Buehler are appropriate for review by the Court).

[4] On May 6, 2019, Mr. Buehler filed a motion for leave to file a surreply, which we **GRANT**. However, the content of his motion is related to his concerns regarding this agreement only.

[5] The two exceptions to this would be that there are discrepancies with the transcript filed with the Court and the minutes posted on the DRB's website and an issue with the dating of an appeal to the DRB.

presently on appeal. [6]  Having raised issues exclusively related to these concerns and unrelated to the relevant conditional use standards, the content of Mr. Buehler's appeal is beyond the scope of the present conditional use application.  Accordingly, we conclude that his appeal must be **DISMISSED** in its entirety as we are without subject matter jurisdiction.  Having reached this conclusion, we decline to address Applicant's sovereign immunity arguments.

For the foregoing reasons, we **DENY IN PART** Applicant's motion to dismiss the present appeal on standing grounds.  Because the appeal exclusively raises issues outside the scope of the Court's jurisdiction, however, we **DISMISS** the present appeal in its entirety.

This concludes the matter before the Court.  A Judgment Order accompanies this Entry Order.

So ordered.

Electronically signed on May 07, 2019 at 10:42 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Appellant Brent L. Buehler
Constance T. Pell (ERN 1336), Attorney for Interested Person Town of Brandon
James B. Anderson (ERN 3794), Attorney for Appellee MT Associates aka Midway Oil
Erin Gilmore (ERN 1593), Attorney for party 4 Co-counsel

---

[6] We further note, without reaching a conclusion, that, as the parties discuss, many of the concerns raised by Mr. Buehler would likely be barred by the doctrine of sovereign immunity.  See Town of Grand Isle v. State of Vermont, No. 84-8-18 Vtec (Vt. Super. Ct. Envtl. Div. Dec. 20, 2018) (Walsh, J.).