# STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 47-4-19 Vtec

---

BlackRock Construction LLC ACT 250

---

## ENTRY REGARDING MOTION

Count 1, Act 250 District Commission Decision (47-4-19 Vtec)

Title:          Motion to Dismiss (Motion 4)

Filer:          BlackRock Construction LLC

Attorney:       Christopher D. Roy

Filed Date:     May 16, 2019

Response in Opposition filed on 05/20/2019 by Lori Marino, Appellant

**The motion is GRANTED.**

Lori Marino appeals Act 250 Permit # 4C1315 issued by the District 4 Environmental Commission (District Commission) to John Evans and BlackRock Construction, LLC (together, BlackRock) for subdivision of 26 lots, construction of 36 residential units, and construction of supporting infrastructure in Williston, Vermont. Presently before the Court is BlackRock's motion to dismiss some of Ms. Marino's Questions filed in her April 24, 2019 Statement of Questions.

BlackRock asserts that many of Ms. Marino's Questions are not within the Court's jurisdiction either because they raise issues related to Act 250 criteria that Ms. Marino does not have party status under, or they raise matters outside the scope of Act 250.

V.R.C.P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction.[1] When reviewing such a motion, this Court accepts all uncontroverted factual allegations as true and construes them in the light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.

We begin with those Questions BlackRock challenges as being outside the scope of Ms. Marino's party status. These are "Addendum" Questions 1 through 6, 10, 11, 13 through 15, 17, 18, and 20, as well as "Original" Questions 1 through 6, 9 through 12, and 20.

Any person aggrieved by an act or decision of a district commission during the review of an Act 250 permit application may appeal that act or decision to this Court. 10 V.S.A. § 8504(a). As a general matter, to have standing to appeal to this Court, that person must have been granted party status by the district commission, participated in the proceedings before the district commission, and retained party status at the end of the district commission proceedings. 10

---

[1] Standing is a "necessary component to the court's subject matter jurisdiction." Bischoff v. Bletz, 2008 VT 15, ¶ 15, 183 Vt. 535. Therefore, we evaluate motions to dismiss based on standing pursuant to V.R.C.P. 12(b)(1). See, e.g., In re Two Bad Cats, LLC Conditional Use, No. 169-12-4 Vtec, slip op. at 1—2 (Vt. Super. Ct. Envtl. Div. May 29, 2015) (Walsh, J.).

V.S.A. § 8504(d)(1). The person may only appeal those issues under the Act 250 criteria for which they were granted party status. Id.

A person may, however, also appeal a district commission decision if this Court determines that (1) there was a procedural defect preventing the person from obtaining party status; (2) the district commission decision being appealed is the grant or denial of party status; or (3) manifest injustice would result if the appeal is not allowed. 10 V.S.A. § 8504(d)(2)(A)—(C). In addition to filing a notice of appeal, a party seeking to appeal a district commission's decision under one of these three exceptions must assert his or her claim to status "by motion filed no later than the deadline for filing a statement of questions on appeal." V.R.E.C.P. 5(d)(2). Failure to file a motion for party status in an appeal in this Court is grounds for dismissal. In re Verizon Wireless Barton Act 250 Permit, No. 6-1-09 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. Feb. 2, 2010) (Durkin, J.) (citations omitted).

Ms. Marino was granted and retained party status under Criterion 1 (blasting), Criterion 5 (traffic), and Criterion 8(A) (wildlife). She additionally sought party status under Criterion 1 (air pollution), Criterion 1(G) (wetlands), Criterion 4 (stormwater), and Criterion 8 (aesthetics). The District Commission concluded that her requests with respect to these additional Criteria were untimely and denied the request. Ms. Marino's notice of appeal states that she sought to appeal the denial of party status under Criteria 1(G), 4, and 8. She did not, however, file a motion for party status under these Criteria pursuant to V.R.E.C.P. 5(d)(2). As such, her appeal is limited to issues related to those Criteria under which she sought and retained party status, Criterion 1 (blasting), Criterion 5 (traffic), and Criterion 8(A) (wildlife).

The above-listed Questions that BlackRock challenges are all related to Criteria that Ms. Marino did not retain party status under and did not properly move for status under before this Court. Ms. Marino argues that because she retained party status under Criterion 8(A) for wildlife these Questions are properly before the Court. This is because she asserts that the impacts these Questions address are integral to wildlife because they can impact habitat.

While it may be true that some of the issues raised by the Questions may have an impact on wildlife, we only consider the dimensions of party status pursuant to the Criteria a party has status under. We will not consider an issue that is tangential to one Criterion under that Criterion when the issue is directly addressed by another. This is based on the principle that each criterion sets specific parameters that refine and adapt the generally applicable party status requirements, but do not expand standing. See In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 7, 188 Vt. 262 (recognizing that courts cannot "judicially expand the class of persons entitled to such [appellate] review" when standing is regulated by statute." (quoting Garzo v. Stowe Bd. of Adjustment, 144 Vt. 298, 302 (1984)). Further, if all issues indirectly related to wildlife, like water quality under Criterion 1, could be evaluated generally under Criterion 8(A), these other criteria and the distinctions between them would be superfluous. See State of Vt. Agency of Nat. Res. v. Parkway Cleaners, 2019 VT 21, ¶ 24 (citations omitted).

The Questions at issue here are plainly addressing concerns outside the scope of Criteria 8(A) and fit into the scope of other Act 250 criteria that Ms. Marino has not retained party status under. Therefore, we **DISMISS** "Addendum" Questions 1 through 6, 10, 11, 13 through 15, 17, 18, and 20, as well as "Original" Questions 1 through 6, 9 through 12, and 20.

BlackRock additionally moves to dismiss "Addendum" Question 16 and "Original" Questions 14, 16 through 18, and 21.[2] These Questions address the classification of wetlands, compliance with the Town of Williston ordinances, compliance with the relevant homeowners' association's governing documents, the project's means of access, impact studies of invasive species, and the impact to the property values in the surrounding neighborhood.

Ms. Marino asserts that those Questions related to the issues of wetland classification, which implements the Vermont Wetland Rules, as well as compliance with Town of Williston ordinances and Southridge Homeowners Association governance, have the potential to impact Criteria she has party status under. We have been provided with no justification as to why this Court would have jurisdiction to apply these standards to the present Act 250 application. We therefore decline to do so and **DISMISS** "Addendum" Question 16 and "Original" Questions 14 and 16.

"Original" Question 17 asks "[w]hether further studies can be done around the initial proposed egress . . . ?" BlackRock argues that this Question seeks to improperly redesign the project such that it should be dismissed. Ms. Marino argues that this Question is directly related to Criterion 5 for traffic and mitigation related to current impacts.

"Original" Question 18 asks "[w]hether further impact studies of invasive species . . . can be done?" BlackRock asserts that this Question is vague and unrelated to relevant Act 250 criteria. Ms. Marino asserts that the Question raises issues related to wildlife habitat.

There is a threshold issue that must be addressed with respect to these Questions.[3] On appeal, this Court is tasked with making affirmative findings, within the scope of the appeal, that a project complies with the Act 250 criteria and conditioning a permit when appropriate to ensure compliance. See 10 V.S.A. § 6086(a), (c). With respect to both Criteria 5 and 8(A), a party opposing the applicant has the burden of showing an undue adverse effect. 10 V.S.A. § 6088(b). Therefore, Ms. Marino has the burden of showing such an effect. Ms. Marino, however, is entitled to question whether BlackRock has provided sufficient evidence to meet its initial burden of production, or whether additional studies are required. In light of the standards applicable to this motion to dismiss, we **DENY** BlackRock's motion with respect to "Original" Questions 17 and 18.

Finally, "Original" Question 21 asks the Court to assess the impacts the project may have on surrounding property values. We are not aware of any relevant law that would allow us to consider this impact in the present appeal. Further, Ms. Marino's assertion that the Question is proper because it would impact Criterion 8 for aesthetics is improper because Ms. Marino does not have party status under that Criterion. Therefore, we conclude "Original" Question 21 is not properly before the Court and is **DISMISSED**.

For the foregoing reasons, we **GRANT** BlackRock's motion with respect to "Addendum" Questions 1 through 6, 10, 11, 13 through 16, 17, 18, and 20 as well as "Original" Questions 1

[2] We note that we dismiss some Questions on the grounds of lack of party status which BlackRock argues should also be dismissed for lack of jurisdiction. We therefore do not address those Questions here.

[3] BlackRock does not appear to contest that "Original" Question 17 is related to Criterion 5. They do contest whether invasive species are related to Criterion 8(A) as Ms. Marino alleges. Given the posture of this case, and assuming all facts in favor of Ms. Marino, we therefore assume for the purpose of deciding this motion that invasive species are related to wildlife habitat under Criterion 8(A).

through 6, 9 through 12, 14, 16, 20, and 21.  These Questions are **DISMISSED**.  We **DENY** BlackRock's motion with respect to "Original" Questions 17 and 18.[4]

So ordered.

Electronically signed on June 19, 2019 at 10:12 AM pursuant to V.R.E.F. 7(d).

*Tom Walsh*

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

<u>Notifications</u>:
Appellant Lori Marino
Elizabeth Lord (ERN 4256), Attorney for Interested Person Agency of Natural Resources
Evan P. Meenan (ERN 1632), Attorney for Interested Person Natural Resources Board
Christopher D. Roy (ERN 1352), Attorney for Appellee BlackRock Construction LLC

---

[4] We note that on June 11, 2019, BlackRock filed a motion for an order to show cause why this appeal should not be dismissed for Ms. Marino's failure to timely serve notice of this appeal and publish notice of this appeal.  Once Ms. Marino responds to this motion, or the time period allowing for such a response runs, we will set the motion for hearing.