VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00066



| Tyler Bridge Road Permit Amendment Application |
|---|

## ENTRY ORDER

Title:      Motion to Dismiss

Filed:      October 2, 2025

Filed By:   John M. Mazzuchi, Attorney for Applicant

Appellant's Opposition to Applicant's Motion to Dismiss, filed November 5, 2025, by Pietro J. Lynn, Attorney for Appellant

Reply to Opposition to Motion to Dismiss, filed November 5, 2025, by John M. Mazzuchi, Esq.

**The motion is DENIED.**

This is an appeal by Theodore Palmer (Appellant or Mr. Palmer) of a decision of the Act 250 District #9 Environmental Commission's (District Commission) denial of his request for party status and a public hearing on an Act 250 amendment application (#9A0196-2) for a project, as revised, generally described as the construction of a ± 2,000 square-foot, single-story duplex building (with two bedrooms per unit) on an undeveloped ±116-acre tract of land located off Turkey Lane in Monkton, Vermont, ±0.7 miles north of the intersection with Tyler Bridge Road (the Property).[1] The applicant, Doyle-Burr Farm, LLC (Applicant), has moved to dismiss the appeal as moot because neither Appellant's notice of appeal nor his Statement of Questions expressly challenged the merits of the permit amendment decision, which Applicant contends is now final. While Applicant does not directly cite to it, the Court construes this as a motion to dismiss pursuant to V.R.C.P. 12(b)(1) for lack of subject matter jurisdiction or, potentially, pursuant to V.R.C.P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons discussed below, the motion is denied.

In reviewing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), we take all uncontroverted factual allegations in the complaint as true and construe them in the light

---

[1] The original amendment application proposed a ±2,500 square-foot, 4-bedroom single-family residence on the Property.

most favorable to the nonmovant. V.R.C.P. 12(b)(1); <u>Rheaume v. Pallito</u>, 2011 VT 72, ¶ 2. With respect to a Rule 12(b)(6) motion for failure to state a claim, we take the factual allegations as true and consider whether "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." <u>Colby v. Umbrella, Inc.</u>, 2008 VT 20, ¶ 5 (quoting <u>Alger v. Dep't of Labor & Indus.</u>, 2006 VT 115, ¶ 12).

**Timeliness of Opposition**

As a preliminary matter, the Applicant argues in its Reply to Opposition to Motion to Dismiss, that Mr. Palmer's Opposition to Motion to Dismiss was untimely filed under V.R.C.P. 7(b)(4) and that this Court should not consider it. Rule 7(b)(4) states, in pertinent part, that "[a]ny party opposed to the granting of a written dispositive motion … shall file a memorandum in opposition thereto not more than 30 days after service of the motion, unless otherwise ordered by the court." In the context of this case, Applicant's motion to dismiss is a potentially dispositive motion.

Under Rule 7(b)(4), Mr. Palmer's opposition was due not more than 30 days after service of the motion to dismiss. The motion to dismiss was served via Odyssey File & Serve on October 2, 2025. Therefore, Mr. Palmer's opposition was due no later than Monday, November 3, 2025. V.R.C.P. 6(a)(1) (providing the method of computing time period stated in days). Since Mr. Palmer's opposition was not filed until November 5, 2025, and was not accompanied by a motion seeking to extend the time pursuant to V.R.C.P. 6(b)(1)(B), it was untimely. While this Court has discretion to allow an untimely opposition filing, <u>Smith v. Cent. Vt. Hosp., Inc.</u>, 2004 VT 113, ¶¶ 10–11 (mem.) (noting the trial court has discretion to consider untimely filings); <u>Burns 12 Weston Street Nov, No. 75-7-18 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Oct. 25, 2019) (Durkin, J.); Deveneau v. Weilt,</u> No. 321-9-12 Bncv, slip op. at 2, n.1 (Vt. Super. Ct. Aug. 12, 2014) (Wesley, J.), no basis to exercise that discretion has been provided by Mr. Palmer. Therefore, the Court will not consider Mr. Palmer's opposition filing. Despite the Court's conclusion with respect to Mr. Palmer's opposition filing, however, because the motion requires the Court to analyze whether it has jurisdiction over the pending matter, the Court reviews the substance and merits of Applicant's motion. See V.R.C.P. 12(h)(2).

Applicant argues that the Court should dismiss this appeal as moot because the Appellant failed to appeal the District Commission's decision granting the permit amendment and that decision is now final. Alternatively, Applicant argues that the Court should dismiss this appeal as moot because Mr. Palmer's Statement of Questions does not raise the merits of the permit decision.

To appeal an Act 250 permitting decision to this Court, the District Commission must first grant the "aggrieved person" party status under specified Act 250 criteria (which status must thereafter be exercised, through participation before the District Commission, and retained at the end of the District Commission's proceedings). 10 V.S.A. § 8504(d)(2)(A). Any subsequent appeal by a person aggrieved is then limited to those criteria under which the District Commission granted party status. 10 V.S.A. § 8504(d)(1); 10 V.S.A. § 6085(c)(1)(E).

**Determination of Party Status**

To qualify for "party status" under § 6085(c)(1)(E), a person must show: (1) that they have a particularized interest; (2) that this interest is protected by the Act 250 criteria for which they are seeking party status; and (3) that this interest may be affected by the District Commission's issuance of the Act 250 permit under appeal. See In re Pion Sand & Gravel Pit, No. 245-12-09 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. July 2, 2010) (Durkin, J.). The test we apply to determine whether the interests an appellant alleges are particularized to him is the same test we apply in a standing analysis — the Court asks whether the interests alleged are specific to the appellant or are generalized concerns shared by members of the general public. See Id.; In re Champlain Marina, Inc., Dock Expansion, No. 28-2-09 Vtec, slip op. at 5-7 (Vt. Envtl. Ct. July 31, 2009) (Durkin, J,).

An appellant must also provide an offer of proof that shows how the particularized interests he alleges may be affected by the issuance of the Act 250 permit. In other words, he must refer to evidence that demonstrates a non-speculative causal connection between the proposed project and the particularized interests he claims are protected by the criteria in question. See Pion Sand & Gravel Pit. No. 245-12-09 Vtec, slip op. at 7.

The District Commission's July 10, 2025 decision states that during the initial 20-day public comment period on the original Act 250 amendment application, Mr. Palmer (an adjoining landowner) submitted timely comments. Those comments, filed January 4, 2022, included a request for party status under several Act 250 criteria and for a public hearing.[2] Following submission of the revised application, the District Commission received no new comments from any party. The District Commission reviewed Mr. Palmer's request for party status and a public hearing and concluded that he had not established a "particularized interest" under any of the requested Act 250 criteria. Accordingly, the District Commission denied his request for party status and his request for a public

[2] Mr. Palmer's January 4, 2022 comment letter (District Commission Exhibit #016) has not been provided to the Court at this time but the contents do not appear to be disputed.

hearing and issued the permit amendment as a minor application. On August 11, 2025, Mr. Palmer timely appealed to this Court from the "District Commission Denial of Party Status." The notice of appeal claimed party status pursuant to 10 V.S.A. § 6085(c)(1)(E).[3]

Relatedly, Mr. Palmer's sole question presented asks: "1. Is Theodore Palmer entitled to party status for the subject Act 250 permit amendment application pursuant to 10 V.S.A. § 6085(c)(1)(E)?" Given the foregoing, Mr. Palmer's Question 1 cannot be considered in isolation from the action that prompted his appeal — i.e., the denial of his request for party status under several Act 250 criteria and request for hearing. Intrinsic to Question 1 is the question of whether Mr. Palmer possesses a particularized interest that is protected by Act 250 and whether there is a connection between the project and a potential impact on that interest.[4] In re Snowstone LLC Stormwater Discharge Authorization, 2021 VT 36, ¶ 17 ("the statute [10 V.S.A. § 8504(a)] requires only an allegation of injury, and not any measure of proof"). Therefore, the Court concludes that Mr. Palmer's question implicitly raises the "merits of the permit decision."

**Application of Act 250 Rule 51**

Act 250 Rule 51 governs review of minor permit applications, where the District Commission's review is limited. See Act 250 Rules, Rule 51. In addition to ruling upon the merits of an application, Rule 51 specifically addresses the process by which to seek party status and a hearing, and to rule thereon. Subsection (D) of the Rule provides that if the District Commission finds that no substantive issue has been raised (i.e., there has been no showing that any of the Act 250 Criteria will be impacted by the project), it "may proceed to issue a decision without convening a hearing." Rule 51(D). Further, like § 8504, it notes that if a hearing is convened, "it shall be limited to those criteria or sub-criteria identified by those afforded party status pursuant to 10 V.S.A. § 6085(c)(1) . . ." Id. Subsection (E) of the Rule states that "[t]he District Commission shall rule on all party status petitions prior to or at the outset of the hearing." Id. Reading these subsections together makes clear

---

[3] 10 V.S.A. § 6085(c)(1)(E) provides that "[i]n proceedings before the District Commission, the following persons shall be entitled to party status: … (E) any adjoining property owner or other person who has a particularized interest protected by this chapter that may be affected by an act or decision by a District Commission."

[4] As a general rule, this Court's jurisdiction "is confined to the issues raised in the statement of questions filed pursuant to an original notice of appeal." In re Jolley Associates, 2006 VT 132, ¶ 9 (quoting In re Garen, 174 Vt, 151, 156 (2002)). As the Jolley Associates Court observed, however, it is not error for this Court, in construing a Statement of Questions, to consider matters intrinsic to the question presented. "The literal phrasing of the question cannot practically be considered in isolation from the … action that prompted the appeal." Id.

that a grant of party status represents a threshold determination antecedent to analysis of the merits of an application.

In this instance, the District Commission reviewed the application on appeal as a minor application. Appellant functionally sought both party status and a hearing before the District Commission. The failure to raise the merits of the permit decision in this instance is consistent with the limited scope of appeal of a minor permit decision by a party denied party status and whose hearing request was denied. Having received requests for both party status and for a hearing, the District Commission ruled upon such requests as contemplated by Rule. Appellant challenges both denials. If he is successful on these claims, this Court will not and cannot address the merits of the permit's issuance in the first instance. Instead, the matter would need to be remanded back to the District Commission to notice the application for a hearing and to conduct such a hearing. See 10 V.S.A. § 6084(e)(2) (setting forth the process to hold a hearing on a matter initially noticed as a minor); see also Act 250 Rules, Rule 51(D) (setting forth the process to hold a hearing in the context of a minor permit application). Thus, the merits of the application cannot be before us at this time and, even if the Court were to conclude that Appellant did not properly raise the matter in his Statement of Questions, that failure would not moot the entire matter before the Court.

As the Applicant correctly notes, under V.R.E.C.P. Rule 5(d)(2), "an appellant who claims party status under 10 V.S.A. § 8504(d)[(1)(A)-(C)] … and who has not sought interlocutory relief … must assert that claim by motion filed not later than the deadline for filing a statement of questions on appeal."[5] V.R.E.C.P. 5(d)(2). According to the Reporter's Notes for Rule 5(d)(2),

> The following appellants must affirmatively claim and satisfy the burden of establishing party status with a motion filed with the notice of appeal: … (B) a person claiming party status as a person aggrieved in an Act 250 District Commission proceeding who seeks the court's determination of party status under 10 V.S.A. § 8504(d)[(1)(B)] and has not previously sought interlocutory relief under Rule 6(d)(1).[6]

V.R.E.C.P. 5 – Reporter's Notes.

---

[5] In 2016, 10 V.S.A. § 8504(d)(1) was amended and renumbered, such that the former § 8504(d)(2) became § 8504(d)(1)(A)-(C) and a new § 8504(d)(2), involving participation before the Secretary of ANR, was added. The language of Environmental Court Rule 5(d)(2) does not appear to have been changed in conjunction with this amendment. See 2016 Vermont Laws No. 150 (S. 123). The Court construes citations in its Rules (and prior case law) to § 8504(d)(2) to now refer to § 8504(d)(1)(A)-(C), unless the context indicates otherwise.

[6] The Reporter's Notes indicate that the motion should be filed with the notice of appeal, while the text of Rule 5(d)(2) states that the appellant must file a motion not later than the deadline for filing the statement of questions.

Therefore, Mr. Palmer should have filed a motion affirmatively claiming and satisfying the burden of establishing party status with either his notice of appeal or Statement of Questions.

"[T]he party seeking party status had the burden to assert this claim and … the purpose of placing the burden on the appellant [is] … to preserve judicial resources and avoid situations in which the Environmental Division begins to engage its resources in evaluating the substance of a claim, only to discover many months into the process that the appellant lacks party status." In re Mahar Conditional Use Permit, 2018 VT 20, ¶ 24 (discussing Verizon Wireless, 2010 VT 62, ¶18. In the past, this Court has strictly interpreted the motion requirement to dismiss an appeal, and that dismissal was upheld on appeal. See Verizon Wireless, 2010 VT 62, ¶¶ 18-20. The Supreme Court in Mahar held, however, that even in the absence of a motion appellants may carry their burden of affirmatively claiming party status where their notice of appeal and statement of questions raised that issue. Mahar, 2018 VT ¶ 24. In this case, both Mr. Palmer's notice of appeal and statement of questions addressed the District Commission's denial of party status and claimed such status under 10 V.S.A. § 6085(c)(1)(E). While those documents do not identify the specific Act 250 criteria under which Mr. Palmer seeks party status, they are sufficient to put Applicant and the Court on notice regarding the issue of party status and avoid wasting judicial resources.

Accordingly, the Court declines, at this time, to dismiss Mr. Palmer's appeal for lack of a motion asserting his claims to party status and demonstrating that he is entitled to the same.[7] Instead, Mr. Palmer shall have 14 days from the date of this Entry Order to file a motion, as required by Rule 5, asserting his claimed party status, with consideration for the applicable burdens on establishing party status under specific Act 250 criteria. The motion must seek to demonstrate, *inter alia*, that Mr. Palmer is a person aggrieved by a District Commission proceeding who seeks this Court's determination of party status under 10 V.S.A. § 8504(d)(1)(B). Any subsequently filings may be submitted in accordance with the Civil Rules. The Court will then take the matter under advisement. The motion to dismiss, as presently pending, is denied.

Electronically signed on November 25, 2025, pursuant to V.R.E.F. 9(d).

---

[7] The Court's approach at this time is further consistent with V.R.E.C.P. 5(b)(1), stating that "[f]ailure of an appellant to take any step other than the timely filing of the notice of appeal does not affect the validity of the appeal but is ground only for such action as the court deems appropriate, which may include dismissal." While failure to comply with the Court's order in this case, coupled with the previous failure to file a motion concurrent with its initial filings in this matter, may dictate dismissal, it is not independently grounds for dismissal under this Court's rules.

Joseph S. McLean
Superior Court Judge
Environmental Division